David L. KINNERSLEY, Appellant,

v.

STATE of Iowa, Appellee.

No. 91–1834.

Supreme Court of Iowa.

Jan. 20, 1993.

Linda Del Gallo, State Appellate Defender, and B. John Burns, Asst. Appellate Defender, for appellant.

Bonnie J. Campbell, Atty. Gen., Martha E. Boesen, Asst. Atty. Gen., Bruce E. Swanson, County Atty., and Mark D. Swanson, Asst. County Atty., for appellee.

Considered by McGIVERIN, C.J., and HARRIS, SCHULTZ, NEUMAN, and SNELL, JJ.

SCHULTZ, Justice.

This is an appeal from the district court's denial of David L. Kinnersley's application for postconviction relief. We affirm.

In 1989, Kinnersley pled guilty to two drug offenses in violation of Iowa Code sections 204.401(1)(a) and (b) (1987). He claims that these convictions should be set aside because, prior to his plea, he was not informed that such convictions carry a minimum sentence pursuant to Iowa Code section 204.413 (1987). Kinnersley argues on appeal that (1) the district court failed to inform him of the mandatory minimum sentence in violation of Iowa Rule of Criminal Procedure 8(2)(b)(2) and the due process clause of the Constitution; and (2) his trial counsel was ineffective for failing to inform him of the mandatory minimum sentence and failing to file a motion in arrest of judgment or to take a direct appeal.

■ Postconviction proceedings are law actions, triable to the court, and ordinarily are reviewed on error. *Polly v. State,* 355 N.W.2d 849, 854 (Iowa 1984). When there is an alleged denial of constitutional rights, we make our own evaluation of the totality of circumstances in a de novo review. *Id.*

I. *Validity of guilty plea proceeding.* As a part of his constitutional claim of ineffective assistance of counsel, Kinnersley points out that his trial counsel neither moved in arrest of judgment nor appealed his conviction. He asserts grounds existed for such action because the trial court, in taking the guilty plea, violated rule 8(2)(b)(2) by failing to inform him of the terms of section 204.413. Additionally, he claims the court's failure in this respect deprived him of due process and invalidates his guilty plea.

■ A. *Rule violation.* Rule 8(2)(b)(2) prescribes the trial court's duties to wit:

Before accepting a plea of guilty, the court must address the defendant personally in open court and inform the defendant of, and determine that the defendant understands, the following: ...

(2) the mandatory minimum punishment, if any, and the maximum possible punishment provided by the statute defining the offense to which the plea is offered....

In Kinnersley's plea proceeding, the court did not inform Kinnersley that section 204.-413 provides that a person sentenced pursuant to sections 204.401(1)(a) and (b) "shall not be eligible for parole until the person has served a minimum period of confinement of one-third of the maximum indeterminate sentence prescribed by law." We must decide whether the court violated

rule 8(2)(b)(2) by not informing Kinnersley of his limited eligibility for parole.

We believe that our ruling in *Boge v. State*, 309 N.W.2d 428 (Iowa 1981), disposes of Kinnersley's contention of a rule violation. In *Boge*, the defendant pled guilty to attempted murder in violation of Iowa Code section 707.11 (1979), a section that prescribes no minimum sentence. The defendant later learned that Iowa Code section 906.5 (1979) denied him parole until he had served one-half of his sentence, because of his previous conviction of a forcible felony. The defendant in *Boge* contended the court erred under rule 8(2)(b)(2) by not informing him of his limited eligibility for parole. We rejected his contention because no minimum sentence was prescribed in section 707.11; therefore, rule 8(2)(b)(2) is inapplicable by its terms. Further, section 906.5 was not a minimum sentence but rather a limitation on the power of the parole board to grant parole. *Boge*, 309 N.W.2d at 431. Both reasons for rejecting defendant's claim in *Boge* are applicable in this case. Section 204.401 defines the offense in (a) and (b) but does not prescribe a minimum sentence for either subsection. Also, section 204.413 does not provide a "mandatory minimum punishment," but rather provides a limitation on eligibility for parole. The court did not violate rule 8(2)(b)(2). We hold trial counsel was not ineffective in failing to raise this issue.

**B.** *Due process.* Kinnersley maintains his plea was not entered in an intelligent and voluntary fashion because he was not apprised of the consequences of section 204.413. Fundamental due process requires a guilty plea to be entered into intelligently and voluntarily. The issue is whether due process requires the court accepting the plea to apprise the accused of a limitation on parole eligibility.

We outlined the duties of a sentencing court required under the Fourteenth Amendment of the United States Constitution in *Saadig v. State*, 387 N.W.2d 315, 324–25 (Iowa 1986). We stated:

The sentencing court must insure the defendant understands the "direct conse-

quences of the plea including the possible maximum sentence, as well as any mandatory minimum punishment." Judges are not required, however, to inform defendants of all indirect and collateral consequences of guilty pleas.

*Id.* (citations omitted). We held that failure to inform defendant that a third-degree theft conviction prohibited him from carrying a firearm did not render his conviction infirm. *Id.* at 325.

We have previously held that the due process clause of the United States Constitution does not require trial courts to inform defendants about ineligibility for parole. *Grout v. State*, 320 N.W.2d 619, 621 (Iowa 1982). In *Grout*, we relied upon *Hunter v. Fogg*, 616 F.2d 55 (2d Cir.1980), wherein the federal court stated that information about the existence of a minimum period of parole eligibility "might usefully be told to a defendant but [is] not required to be told, either by Rule 11 or the Constitution." *Id.* at 61. The United States Supreme Court affirmed this position by stating:

We have never held that the United States Constitution requires the State to furnish a defendant with information about parole eligibility in order for the defendant's plea of guilty to be voluntary, and indeed such a constitutional requirement would be inconsistent with the current rules of procedure governing the entry of guilty pleas in the federal courts.

*Hill v. Lockhart*, 474 U.S. 52, 56, 106 S.Ct. 366, 369, 88 L.Ed.2d 203, 208 (1985). Parole eligibility is considered a collateral rather than a direct consequence of a plea. *Houle v. State*, 482 N.W.2d 24, 30 (N.D. 1992).

Accordingly, we hold that failure of the trial court to advise Kinnersley of the limitation on his parole eligibility is not a violation of due process.

**II.** *Actions of trial counsel.* Kinnersley claims that his trial counsel did not inform him of the limitation on parole and that had he known of this limitation, he would not have entered a plea of guilty. When a convicted defendant complains of

the ineffectiveness of counsel's assistance, he must show that counsel's representation fell below an objective standard of reasonableness. *Strickland v. Washington,* 466 U.S. 668, 687–88, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984).

In our de novo review, we conclude that Kinnersley has not met this burden. Kinnersley claims that his trial counsel, Gary Gee, did not inform him of the limitation on parole. However, in his affidavit, Gee stated he was confident that he had informed his client of this limitation. Gee's position is corroborated by the fact that Gee referred to his application for a lesser sentence pursuant to Iowa Code section 901.10 at the sentencing hearing. Section 901.10 specifically mentions section 204.413, the statute that limits eligibility for parole. We hold that Kinnersley did not meet his burden of proof of showing that his counsel was ineffective.

III. *Summary.* We find no error in the trial court's denial of Kinnersley's application for postconviction relief.

AFFIRMED.