**Jeffery D. STEVENS, Appellant,**

v.

**STATE of Iowa, Appellee.**

No. 92–1621.

Supreme Court of Iowa.

March 23, 1994.

Philip B. Mears of Mears Law Office, Iowa City, for appellant.

Bonnie J. Campbell, Atty. Gen., Martha E. Boesen, Asst. Atty. Gen., Denver D. Dillard, County Atty., and Scott Peterson, Asst. County Atty., for appellee.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, LAVORATO, and NEUMAN, JJ.

PER CURIAM.

Jeffery D. Stevens appeals from the district court order denying his application for postconviction relief. We affirm.

In 1988 the State charged Stevens with attempted murder in violation of Iowa Code section 707.11 (1987). The minutes of testimony alleged Stevens entered a tavern, shot a man, and then shot himself in the head. A plea agreement was reached: in return for

Stevens pleading guilty to attempted murder, the court would make no finding as to use of a firearm, and a letter signed by the court, the county attorney, and the defense attorney, Frank Nidey, would be sent to the parole board recommending Stevens' prompt release from incarceration in view of his medical condition.

Stevens pleaded guilty and was sentenced to a term of incarceration not to exceed twenty-five years. He now seeks postconviction relief. He does not claim the State failed to comply with any portion of the plea agreement, but alleges he received ineffective assistance of counsel that rendered his plea involuntary.

At a hearing on the application, Stevens testified he pleaded guilty because Nidey had explained to him that a five-year mandatory minimum sentence would be imposed if he was found guilty and there was a finding that he had committed the crime while in possession of a firearm. *See* Iowa Code § 902.7 (1987). Stevens says he understood "mandatory minimum" to mean he could not be released before the expiration of this sentence. He claims Nidey did not inform him that this mandatory minimum sentence could be reduced by good time and work credits. Stevens claimed he would not have pleaded guilty if he had known this portion of the sentence could be reduced. Nidey testified that he explained how good time and work credits operate to reduce sentences in general, but did not specify that they can reduce mandatory minimum sentences.

The district court denied postconviction relief. Stevens appeals.

■ The rule is well established that defense counsel does not have a duty to inform a defendant about the collateral consequences of a guilty plea, but commits reversible error if counsel misinforms the defendant as to these consequences. *Mott v. State*, 407 N.W.2d 581, 583 (Iowa 1987); *Saadiq v. State*, 387 N.W.2d 315, 326 (Iowa 1986); *Meier v. State*, 337 N.W.2d 204, 207 (Iowa 1983). Parole eligibility is a collateral consequence of a plea. *Kinnersley v. State*, 494 N.W.2d 698, 700 (Iowa 1993).

In *Meier,* defense counsel told the defendant that, if a five-year mandatory sentence was imposed, it would be five years before the defendant was eligible for release. *Meier*, 337 N.W.2d at 205. We found the defense attorney's misstatements about the collateral consequences of his plea deprived the defendant of the opportunity to make an informed, self-determined choice and vacated the guilty plea. *Id.* at 207.

■ We distinguish this case from *Meier* because Stevens was not misinformed. Stevens may have reached the erroneous conclusion that if a five-year mandatory minimum sentence was imposed it would be at least five years until he was eligible for release, but this was not the result of misinformation by Nidey. Nidey explained how good time credits work to reduce sentences. He did not have a duty to explain specifically that a mandatory minimum sentence, like any other sentence, was subject to reduction for good time. We affirm the district court order denying postconviction relief.

**AFFIRMED.**