# IN THE COURT OF APPEALS OF IOWA

No. 15-0946
Filed June 15, 2016

**JASON WAYNE FRANSENE,**
　　　　Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
　　　　Respondent-Appellee.
_____

　　　　Appeal from the Iowa District Court for Scott County, Marlita A. Greve, Judge.


　　　　Jason Fransene appeals from the denial of his application for postconviction relief.  **AFFIRMED.**


　　　　Thomas J. O'Flaherty of O'Flaherty Law Firm, Bettendorf, for appellant.

　　　　Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant Attorney General, for appellee State.


　　　　Considered by Danilson, C.J., and Vogel and Potterfield, JJ.

**DANILSON, Chief Judge.**

Jason Fransene appeals from the denial of his application for postconviction relief (PCR). He contends plea counsel was ineffective in failing to inform him how his plea and sentence would be applied by the board of parole and affect his discharge date. We affirm.

Denial of a PCR application is generally reviewed for corrections of errors at law. *Perez v. State*, 816 N.W.2d 354, 356 (Iowa 2012). However, when a claim presents a constitutional issue, such as ineffective assistance of counsel, our review is de novo. *State v. Ragland*, 812 N.W.2d 654, 657 (Iowa 2012).

"The general test applied to a claim of ineffective assistance of counsel is whether under the entire record and totality of the circumstances counsel's performance was within the range of normal competency." *State v. Carney*, 584 N.W.2d 907, 910 (Iowa 1998) (citations omitted). In order to prevail on his claim of ineffective assistance of counsel, Fransene must show, by a preponderance of evidence, that his plea counsel both (1) breached an essential duty and (2) caused him prejudice by that breach. *See State v. Clay*, 824 N.W.2d 488, 495 (Iowa 2012).

In October 2012, Fransene was already on parole and under the supervision of the department of correctional services. On October 22, he was arrested for forgery and second-degree theft. He was released on bond that same date.

On October 26, 2012, Fransene was arrested and charged with violating his parole by passing checks using someone else's name on twenty-two occasions in September 2012. He was held without bond.

In November 2012, Fransene was charged with forgery and second-degree theft, and the State gave notice of its intent to seek the habitual offender enhancement.

In March 2013, Fransene pled guilty to second-degree theft as an habitual offender. Pursuant to the plea agreement, the State would dismiss the forgery charge and recommend incarceration for a term of fifteen years. The agreement also provided, "State recommends this sentence to run concurrent to parole violation." The district court accepted the plea agreement and sentenced Fransene to a fifteen-year indeterminate term, to run concurrently with any sentences then pending subject to parole or probation requirements.

In April 2013, an administrative parole judge found Fransene had violated his parole by being convicted and sentenced while on parole. The order stated Fransene's parole was revoked as of the date of the offense, September 1, 2012.

In May 2013, Fransene filed a PCR application, which was tried on April 17, 2015. In its May 25, 2015 ruling, the district court characterized Fransene's ineffective-assistance-of-counsel claim thus, "Fransene argues [plea attorney] Sothmann should have told him his plea of guilty would somehow affect his discharge date from parole" and he argues he "may not have pled guilty if he would have known it would have affected his discharge date."

At the PCR hearing, Sothmann acknowledged Fransene had concerns how the plea would affect his parole status. Sothmann stated he talked with other experienced criminal defense attorneys and talked with a long-time parole/probation officer from the Seventh Judicial District, Kim Crandall. No one had a definite answer because the decision was ultimately the board of parole's

decision. At no time did Sothmann make any promises or predictions to Fransene regarding what would happen with his parole violation or discharge date.

The PCR court found Sothmann did not breach an essential duty. The court wrote, "No one had a specific answer because that issue is left entirely to the board of parole. Even if Sothmann had received a definitive answer, the board of parole would not have had to follow it." We agree.

Counsel investigated and informed Fransene that the matter was up to the parole board. *See Carney*, 584 N.W.2d at 910 ("'When the ineffectiveness claim is based on alleged failure to advise a defendant of the consequences of a guilty plea, the rule is that, if the consequences flow "directly" from the plea, the plea may be held invalid.'" "On the other hand, if 'the fallout from the plea is "collateral," counsel is generally not held to be ineffective for failing to inform the defendant about it.'" (citations omitted)); *Mott v. State*, 407 N.W.2d 581, 583 (Iowa 1987) ("The distinction between 'direct' and 'collateral' consequences of a plea, while sometimes shaded in the relevant decisions, turns on whether the result represents a definite, immediate and largely automatic effect on the range of the defendant's punishment." (citation omitted)), *abrogated on other grounds by Perez v. State*, 816 N.W.2d 354, 360 (Iowa 2012). *But cf. State v. Fisher*, 877 N.W.2d 676, 683-84 (Iowa 2016) (finding a plea was involuntary when the defendant was not informed that revocation of a driver's license was a mandatory consequence of a drug-possession conviction). Moreover, counsel did not misinform Fransene of a collateral consequence, a later parole date. *See State v. Ramirez*, 636 N.W.2d 740, 742-43 (Iowa 2001) (citing Charles Alan

Wright, *Federal Practice and Procedure* § 173, at 191-94 (1999), which lists a later parole date as a collateral consequence), *abrogated on other grounds by Chaidez v. United States*, 133 S. Ct. 1103, 1110 (2013). Rather, Fransene proceeded with his plea knowing that neither the court nor his attorney were able to provide the information he sought concerning the collateral consequence.

In any event, the court concluded Fransene could not prove prejudice because

> the plea agreement called for any sentences to run concurrent to any parole violation, which was all Sothmann could ever have obtained on Fransene's behalf. The sentencing order was corrected to properly reflect this court's recommendation of concurrent sentencing to the parole violation. Whether the board of parole honored that recommendation is not something this court could order, nor could Sothmann do any more to require it.

The court also observed Fransene did not wish to have his plea withdrawn, only that the habitual offender enhancement be removed.

Upon our de novo review, we find no reason to disturb the denial of the PCR application. The district court's findings are supported by the record. Fransene has failed to carry his burden of proof on either element of an ineffectiveness claim. Fransene was not given erroneous advice or misled about the effect of his plea on his parole discharge date. *Cf. Meier v. State*, 337 N.W.2d 204, 206-07 (Iowa 1983) (discussing the prejudice resulting from "counsel's legal misadvice resulting from his unfamiliarity with and failure to research applicable statutory provisions that in various plea alternatives would determine the length of his client's incarceration").

Fransene also did not prove the requisite prejudice. *See Fisher*, 877 N.W.2d at 682 n.3 (noting that "under the rubric of ineffective assistance of

counsel," a defendant must demonstrate "a reasonable probability that, but for counsel's errors, he [or she] would not have pleaded guilty and would have insisted on going to trial" (citation omitted)).

Fransene has failed to prove his ineffectiveness claim, and we therefore affirm.

**AFFIRMED.**