# IN THE COURT OF APPEALS OF IOWA

No. 18-0278
Filed November 7, 2018

**MICHAEL LEE BUCKLEY,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Scott County, Marlita A. Greve, Judge.

Michael Buckley appeals the denial of his application for postconviction relief. **AFFIRMED.**

Thomas J. O'Flaherty of O'Flaherty Law Firm, Bettendorf, for appellant.

Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney General, for appellee State.

Considered by Vaitheswaran, P.J., and Doyle and Mullins, JJ.

**VAITHESWARAN, Presiding Judge.**

The State charged Michael Lee Buckley with third-degree sexual abuse, a class "C" felony.  Buckley pled guilty to assault with intent to commit sexual abuse, an aggravated misdemeanor.  *See* Iowa Code § 709.11 (2012); *see also id.* § 708.1.  The district court sentenced him to a prison term, to be served consecutively with his sentence for another crime.  Buckley waived his right to file a motion in arrest of judgment challenging his plea, and he did not file a direct appeal of his judgment and sentence.

Buckley later applied for postconviction relief.  He claimed in part that his plea attorney was ineffective in failing to inform him (1) "of the sentence that would be imposed through the plea agreement" and (2) "that pleading guilty to assault with intent to commit sex abuse would result in . . . having to register as a sex offender for life."  He also claimed his attorney "affirmatively misadvised [him] that he would only have to register as a sex offender for ten years."  The district court denied the application following an evidentiary hearing.  The court reasoned, "Although the requirement to register as a sex offender was not part of the written plea agreement, it was not required to be so as it is not punitive in nature."

On appeal, Buckley argues "the district court erred by finding there was no essential duty by counsel to inform [him] correctly of the direct consequence of a lifetime offender registry requirement, before he pled guilty to an aggravated misdemeanor sexual assault."  To prove his ineffective-assistance-of-counsel claim, Buckley had to establish deficient performance and prejudice.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Iowa Code section 692A.106(5) states:

> A sex offender shall, upon a second or subsequent conviction that requires a second registration, or upon conviction of an aggravated offense, or who has previously been convicted of one or more offenses that would have required registration under this chapter, register for life.

An "aggravated offense" means a conviction for "[a]ssault with intent to commit sexual abuse in violation of section 709.11." Iowa Code § 692A.101(1)(a)(5). Because Buckley was convicted of an aggravated misdemeanor, he was required to register as a sex offender for life.

Buckley's written memorandum of plea agreement and written guilty plea, as well as the district court's order of judgment and sentence, contained no reference to the sex offender registration requirement. Nor did the district court inform Buckley of the requirement because Buckley waived his right to personally address the court and his right to be present at sentencing.

At the postconviction hearing, Buckley testified that his attorney informed him of the registration requirement but misinformed him about the duration of the obligation, stating he would be on the registry for ten years rather than a lifetime. Defense counsel was not called as a witness. Accordingly, Buckley's testimony stood unrebutted. On this record, the question before us is whether counsel's misinformation about the duration of the registration requirement entitled Buckley to have his plea vacated and his conviction and sentence set aside.

The State does not address this precise question. Instead, the State takes a step back and focuses on the non-punitive nature of the sex-offender registration chapter. The State is correct that a provision of the chapter was held to be non-punitive. *See State v. Seering*, 701 N.W.2d 655, 667 (Iowa 2005) (holding "the

intent of our legislature in enacting section 692A.2A [a provision restricting convicted sex offenders from living within two thousand feet of an elementary or secondary school or child care facility] was not punitive");[1] *State v. Cole*, No. 06-0579, 2007 WL 257856, at *2 (Iowa Ct. App. Jan. 31, 2007) ("Although the requirement to register as a sex offender was not part of the written plea agreement, it was not required to be so as it is not punitive."). But *Seering's* holding is more nuanced than it once was.

The Iowa Supreme Court recently qualified *Seering* as applied to juveniles, holding "mandatory sex offender registration for juvenile offenders is sufficiently punitive to amount to imposing criminal punishment." *See In re T.H.*, 913 N.W.2d 578, 596 (Iowa 2018). And, after *Seering*, the Iowa Supreme Court retreated from precedent that held certain consequences to be non-punitive. *See State v. Fisher*, 877 N.W.2d 676, 684 (Iowa 2016) (holding Iowa "revocation of the driver's license of a person convicted of a drug possession offense is mandatory, immediate, and part of the punishment for that offense" and the district court had an obligation to inform the defendant of the consequence before accepting the plea); *Perez v. State*, 816 N.W.2d 354, 361 (Iowa 2012) (considering *Padilla v. Kentucky*, 559 U.S. 356 (2010), and its holding that a criminal defendant has a Sixth Amendment right to receive advice from counsel regarding the risk of deportation before pleading guilty and concluding if the holding was held to be retroactive, counsel

---

[1] Iowa Code sections 692A.1 through 692A.16 were repealed by 2009 Iowa Acts chapter 119, section 31. Former section 692A.2A was amended and renumbered as section 692A.106.

would have had an obligation to timely raise it).[2]  Although the court has not specifically held that the section 692A.106(5) lifetime-registration requirement is punitive, the distinction between punitive and non-punitive consequences stands on less solid ground than it did when *Seering* was decided.

This brings us to the question of whether the sex offender registration requirement is a collateral consequence of the plea.  The State equates "collateral" with "non-punitive," arguing "[t]he requirement to register as a sex offender under chapter 692A is a non-punitive collateral consequence."  The State continues, "Because the failure to advise a defendant concerning collateral consequences, even serious ones, cannot provide a basis for a claim of ineffective assistance of counsel, this court should summarily affirm."

The State quotes *Mott v. State*, 407 N.W.2d 581, 583 (Iowa 1987), for this proposition.  But the holding of *Mott*—that counsel need not advise clients about deportation consequences—was effectively overruled.  *See Perez v. State*, 816 N.W.2d 354, 360 (Iowa 2012).  More critically, *Mott* reaffirmed a longstanding principle directly bearing on Buckley's case: "if a defendant has been affirmatively *mis*led by an attorney concerning the consequences of a plea, the plea may be held to be invalid, even though the consequences are characterized as collateral." 407 N.W.2d at 583 (citing *Meier v. State*, 337 N.W.2d 204, 207 (Iowa 1983)); *see also Saadiq v. State*, 387 N.W.2d 315, 324 (Iowa 1986) ("Neither defense counsel

---

[2] *Cf. People v. Fredericks*, 14 N.E.3d 576, 588 (Ill. Ct. App. 2014) ("[W]e decline to extend *Padilla* to require trial courts to inform defendants of sex offender registration before accepting a guilty plea."); *State v. Williams*, 952 N.E.2d 1108, 1113 (Ohio 2011) (holding sex offender registration law was punitive for purposes of retroactivity analysis).

nor the court may *misinform* a defendant regarding collateral consequences of a guilty plea."); *State v. Rolfe*, No. 04-1248, 2006 WL 126718, at *3–4 (Iowa Ct. App. Jan. 19, 2006) (same).

The misinformation received by Buckley about the duration of the sex offender registration requirement did "not involve trial tactics, strategies, or other judgment calls that we do not ordinarily second-guess." *Meier*, 337 N.W.2d at 206. Accepting *Cole's* holding that the sex offender registration requirement is a collateral consequence of the plea,[3] the misinformation about the consequence amounted to the breach of an essential duty.

We turn to the *Strickland* prejudice prong of the ineffective-assistance test. The State cites the postconviction court's credibility finding against Buckley together with the "overwhelming" evidence of guilt described in the minutes of testimony as grounds for a finding of no prejudice. The State argues, "In light of this evidence, the defendant would have likely been convicted and subject to the same lifetime registration requirement that was imposed after his guilty plea, if he had elected a trial."

In the plea context, "Our standard for the prejudice element in ineffective-assistance-of-counsel claims remains consistent—in order to satisfy the prejudice requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he or she would not have pleaded guilty and would have insisted on going to trial." *State v. Straw*, 709 N.W.2d 128, 138 (Iowa 2006); *see*

---

[3] *See Cole*, 2007 WL 257856, at *2.

*also Meier*, 337 N.W.2d at 208 (stating prejudice is determined "not from what petitioner *received*, but from what he *relinquished*")*; cf. Kirchner v. State*, 756 N.W.2d 202, 206 (Iowa 2008) (applying "a subjective standard for the measurement of prejudice . . . in the determination of whether a defendant would have *accepted* a plea offer and received a lesser sentence but for the ineffective assistance of counsel" (emphasis added)).

Buckley adamantly stated he would have gone to trial had he known of the lifetime registration requirement. The postconviction court found his testimony "disingenuous at best," given that he faced trial on a class "C" felony. Based on Buckley's testimony towards the close of the posconviction hearing, we agree.

Buckley volunteered that, at the time the plea offer was brought to him, he "was sitting in county jail for a contempt charge of one year." After two months "sitting in the county jail with still ten months left on [his] contempt charge," he was "dangled that carrot in front of [his] face, let [him] get out of county jail and go to prison for 100 days." The prosecutor then asked, "So you received a considerable deal, then, correct?" Buckley responded, "Yeah [t]hat's what you did for me." Although the district court required the sentence to be served consecutively with the sentence imposed on his prior conviction, Buckley's concession that he received a deal establishes there is no reasonable probability he would have insisted on going to trial on the class "C" felony.

On our de novo review, we affirm the denial of the postconviction-relief application.

**AFFIRMED.**