# IN THE COURT OF APPEALS OF IOWA

No. 19-1285
Filed July 22, 2020

**KENNETH LEE DOSS,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.
_____

Appeal from the Iowa District Court for Warren County, Richard B. Clogg,
Judge.

Kenneth Doss appeals from the district court's denial of his application for
postconviction relief. **AFFIRMED.**

Raya D. Dimitrova of Carr Law Firm, P.L.C., Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Thomas E. Bakke, Assistant
Attorney General, for appellee State.

Considered by Vaitheswaran, P.J., and Mullins and Ahlers, JJ.

**VAITHESWARAN, Presiding Judge.**

Kenneth Doss "pled guilty in 2007 to lascivious acts with a child." *Doss v. State*, No. 08-1512, 2009 WL 2184835, at *1 (Iowa Ct. App. July 22, 2009). The district court imposed judgment and sentence, including a special sentence of lifetime parole. *See* Iowa Code § 903B.1 (2005); *Doss*, 2009 WL 2184835, at *1. Doss filed the first of several postconviction-relief applications. The district court granted the State's motion for summary judgment, and this court affirmed the ruling. *See Doss*, 2009 WL 2184835, at *6. Doss filed several additional postconviction-relief applications, which were dismissed or denied.

Ten years after his conviction, Doss filed the postconviction-relief application that is the subject of this appeal. The district court denied the application on the merits. Doss appealed.

Doss contends (1) his plea attorney was ineffective in failing to "adequately inform [him] of the extent of the rules and requirements of the special sentence at the time of his plea" and (2) the district court "erred in holding the rules of [his] special sentence and parole are constitutional and legal as applied to him."

## I.    Ineffective Assistance of Counsel

Iowa Rule of Criminal Procedure 2.8(2)(b)(2) requires a court to ensure that a defendant understands the direct consequences of a plea. *State v. Hallock*, 765 N.W.2d 598, 604–05 (Iowa Ct. App. 2009). Collateral consequences of a plea "need not be stated by the court or discussed by counsel." *Id.* at 605.

There is no question the special sentence of "[l]ifetime probation/parole" was a direct consequence of the plea subject to disclosure under rule 2.8(2)(b)(2). *See Boschert v. State*, No. 13-0009, 2013 WL 6405468, at *3 (Iowa Ct. App. Dec.

5, 2013); *Hallock*, 765 N.W.2d at 606; *cf. State v. Lathrop*, 781 N.W.2d 288, 296–97 (Iowa 2010) (concluding section 903B.1 "was intended by the legislature to be additional punishment for certain sex offenders" and was "subject to the restrictions imposed by the constitutional prohibition against ex post facto laws"). There is also no question Doss was informed of the special sentence during the plea proceeding. The only question is whether the district court had an additional obligation to inform him of sex-offender-treatment rules the board of parole required him to follow when he began his special sentence.

The district court concluded the rules were "collateral consequences of the special parole and the sentencing court was not required to inform Doss of these rules." We agree. "Parole eligibility is a collateral consequence of a plea." *See State v. Straw*, 709 N.W.2d 128, 144 (Iowa 2006) (Lavorato, C.J., dissenting) (citing *Kinnersley v. State*, 494 N.W.2d 698, 700 (Iowa 1993), *overruled on other grounds by State v. Kress*, 636 N.W.2d 12, 20 (Iowa 2001)); *Stevens v. State*, 513 N.W.2d 727, 728 (Iowa 1994) (same); *Benford v. State*, No. 17-1253, 2018 WL 3912118, at *2 (Iowa Ct. App. Aug. 15, 2018) ("While the [b]oard [of parole] lacks discretion in imposing a special sentence, it has discretion in deciding whether to impose parole and which conditions to impose."); Iowa Admin. Code r. 201–45.2 (authorizing the "district department" to "have all persons on parole sign conditions of parole that are consistent with the standard conditions as established and approved by the board of parole," including "[r]estrictions on association" and "[t]reatment, rehabilitation and other programming"). When Doss completed his underlying sentence for the felony conviction, he signed a document titled "sex offender

treatment program rules and conditions contract." Doss's probation/parole officer testified the document reflected the board of parole's decision to require Doss's post-discharge participation in the sex offender treatment program and compliance with the rules. The document set forth conditions for parole eligibility. Accordingly,the rules were a collateral consequence of the plea and the plea-taking court did not have an obligation to discuss them with Doss before accepting the plea. It follows that Doss's attorney did not breach an essential duty in failing to challenge the absence of a discussion. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984) (discussing ineffective-assistance standard and required proof of counsel's deficient performance); *cf. State v. Carney*, 584 N.W.2d 907, 910 (Iowa 1998) ("The failure to advise a defendant concerning a collateral consequence, even serious ones, cannot provide a basis for a claim of ineffective assistance of counsel.").

Doss next contends, "even if this Court finds the rules of [his] special sentence are collateral, [plea counsel] was ineffective as he misinformed him of the consequences." *See Stevens*, 513 N.W.2d at 728 ("The rule is well established that defense counsel does not have a duty to inform a defendant about the collateral consequences of a guilty plea, but commits reversible error if counsel misinforms the defendant as to these consequences."). Specifically, Doss testified his attorney incorrectly told him the rules would only be "used as a monitoring thing," and as long as he followed "the actual law," he would be okay.

Doss did not elaborate on the substance of the "actual law." He also acknowledged having no "conversations [with counsel] about all the rules that" he was "going to have to follow" or "about specific provisions of the rules that would

have been put on [him] as part of the special sentence that were not law violations."

Doss could not have been "misinformed" about the effect of the rules if he failed to

discuss them with counsel. *Cf. Saadiq v. State*, 387 N.W.2d 315, 324 (Iowa 1986)

("The question is not one of *misinformation*; instead it is one of whether counsel or

the judge went *far enough* in informing [the defendant]."). On our de novo review,

we conclude counsel did not breach an essential duty by "misinforming" Doss

about the consequences of noncompliance with the rules.

## II.     *Constitutionality of Rules*

Doss contends "the district court erred in holding the rules of [his] special

sentence and parole are constitutional and legal as applied to him." He specifically

challenges "the total ban on his use of the internet" and the rules "restricting or

banning his dating, church attendance, obtaining counseling, and restriction on

who he can associate with."

The State responds that the rules are not subject to postconviction review

and "Doss is required to pursue the claim under [the Iowa Administrative

Procedure Act] chapter 17A where the [Iowa Board of Parole] can defend their

agency actions." *See Benford*, 2018 WL 3912118, at *1 (concluding a

postconviction-relief applicant "must pursue his claims [regarding board of parole

conditions] through administrative action and he failed to exhaust his

administrative remedies."). The State acknowledges that it failed to bring this

"impediment to the [district] court's authority" to the district court's attention. *See*

*Fassett v. State*, No. 15-0816, 2016 WL 3554954, at *4 (Iowa Ct. App. June 29,

2016) (referencing distinction between subject matter jurisdiction and authority of

the case; concluding district court erred in finding a lack of subject matter

jurisdiction to grant relief; and further concluding the district court lacked "the authority to grant Fassett the relief he sought."). And the State concedes the issue is waived if not raised. *See State v. Mandicino*, 509 N.W.2d 481, 482–83 (Iowa 1993) (distinguishing subject matter jurisdiction from authority to hear a case and stating the latter may be waived if not raised). Nonetheless, the State stresses the importance of utilizing "chapter 17A proceedings . . . when an agency action is implicated."

The State's failure to raise the issue of the district court's authority to grant relief precludes affirmance on this alternate basis. *See DeVoss v. State*, 648 N.W.2d 56, 61 (Iowa 2002) ("We have in a number of cases upheld a district court ruling on a ground other than the one upon which the district court relied *provided* the ground was urged in that court."). In any event, the supreme court has authorized use of the postconviction-relief statute for certain challenges involving the sex offender treatment program. *See Belk v. State*, 905 N.W.2d 185, 191 (Iowa 2017) ("[W]e conclude an inmate may proceed under Iowa Code section 822.2(1)(e) when alleging an unconstitutional denial of his or her liberty interest based on the IDOC's failure to offer SOTP when SOTP is a necessary prerequisite to parole."). Assuming without deciding the type of challenge raised here fits within the *Belk* framework, we proceed to the merits.

As noted, Doss begins with a challenge to the "total ban on [his] use of the internet." The State responds that error was not preserved on this issue. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002). We agree. Although Doss pointed out that his parole was revoked and he was imprisoned a second time for violating the internet-usage ban contained in his parole agreement, the district

court did not decide whether the ban was unconstitutional. Accordingly, we have nothing to review.

We turn to Doss's challenge to the rules banning dating, church attendance, counseling, and association with people of his choice. Doss contends those rules "unnecessarily violate his First Amendment Rights to Association and his rights under article I, section 7 of the Iowa Constitution." He relies on *United States v. Behren*, 65 F. Supp. 3d 1140 (D. Colo. 2014). That opinion is inapposite.

In *Behren*, the court stated a provision authorizing restrictions on relationships and dating was "not, on its face, a greater deprivation of liberty than is necessary nor is it necessarily an undue infringement of the right of association, a right which routinely and necessarily is severely limited by a sentence in a criminal case." 65 F. Supp. 3d at 1157. The court noted that "[c]ourts have consistently upheld imposition of conditions of probation that restrict a defendant's freedom of speech and association when those conditions bear a reasonable relationship to the goals of probation." *Id.* at 1157–58 (alteration in original) (quoting *United States v. Turner*, 44 F.3d 900, 903 (10th Cir. 1995)). Although the court ultimately concluded the constitutional challenge to the provision was not ripe for review, the court's pronouncements provide scant support for Doss's assertion that the rules he signed violated his First Amendment rights.

Those pronouncements track our highest court's statement that "[t]he First Amendment protection of freedom of association is not absolute." *Baker v. City of Iowa City*, 867 N.W.2d 44, 53 (Iowa 2015). Doss conceded the rules imposing conditions on parole were put in place "[t]o make sure that the public is safe." And he did not dispute that he violated the rules by engaging in a romantic relationship

without obtaining permission to have the rules amended to allow the relationship. On our de novo review, we conclude those concessions are sufficient to support the district court's conclusion that the rules did not violate Doss's First Amendment rights.

Doss next argues "to the extent this Court determines the federal constitution does not make these rules unconstitutional, Iowa's constitution should be read to do so." He does not "argue for a separate Iowa constitutional analysis." *See State v. Fogg*, 936 N.W.2d 664, 667 (Iowa 2019). Accordingly, we decline his request to take a different approach, even if that were within our purview.

We affirm the denial of Doss's postconviction-relief application.

**AFFIRMED.**