# IN THE COURT OF APPEALS OF IOWA

No. 23-0541
Filed April 24, 2024

**AKUK ATAK ALEM AKOK,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

        Appeal from the Iowa District Court for Story County, Amy M. Moore, Judge.


        Akuk Akok appeals the denial of his applications for postconviction relief.

**AFFIRMED.**


        Christopher A. Clausen of Clausen Law Office, Ames, for appellant.

        Brenna Bird, Attorney General, and Thomas J. Ogden, Assistant Attorney

General, for appellee State.


        Considered by Bower, C.J., and Greer and Chicchelly, JJ.

**BOWER, Chief Judge.**

Akuk Akok appeals the denial of his application for postconviction relief (PCR), claiming trial counsel were ineffective on two different cases. Upon review, we affirm.

## I.     *Background Facts and Proceedings*

In 2017, a jury found Akok guilty of first-degree burglary, assault while participating in a felony, and child stealing. This court affirmed his convictions on direct appeal. *See State v. Akok*, No. 17-0655, 2018 WL 4362065, at *1 (Iowa Ct. App. Sept. 12, 2018).

While in custody awaiting trial for those charges, Akok was charged with third-degree sexual abuse and assault with intent to commit sexual abuse, stemming from several sexually motivated assaults against another inmate. Akok entered into a plea agreement with the State in which he agreed to plead guilty to two counts of assault with intent to commit sexual abuse.

Akok filed PCR applications in both cases,[1] which were consolidated. Following trial, the district court entered an order denying the applications. Akok appeals.

## II.     *Standard of Review*

"We generally review a district court's denial of an application for [PCR] for errors at law." *Doss v. State*, 961 N.W.2d 701, 709 (Iowa 2021). However, our review is de novo "[w]hen the basis for relief implicates a violation of a

---

[1] The following colloquy summarily describes Akok's complaints: "[PCR COUNSEL]: And those charges you wanted to go to trial but you pled on? [AKOK]: Yes. Q. And the other charges you went to trial but you wanted to plead on? A. Yes."

constitutional dimension," including claims of ineffective assistance of counsel. *Id.* (alteration in original) (quoting *Moon v. State*, 911 N.W.2d 137, 142 (Iowa 2018)); *accord Sothman v. State*, 967 N.W.2d 512, 522 (Iowa 2021).

### III. Discussion

Akok raises two claims on appeal, both related to his trial counsels' representation. To prevail on a claim of ineffective assistance of counsel, Akok must show (1) counsel breached an essential duty and (2) prejudice resulted. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). "We may affirm the district court's rejection of an ineffective-assistance-of-counsel claim if either element is lacking." *Anfinson v. State*, 758 N.W.2d 496, 499 (Iowa 2008).

*A. Counsel's Failure to Advise Akok to Accept a Plea Offer in the First-Degree-Burglary Case.* In his initial case, Akok was charged with first-degree burglary, assault while participating in a felony, and child stealing. He pleaded not guilty and filed a notice of his intent to rely on several defenses at trial, including "intoxication by drugs or alcohol" and "coercion." Following trial, the jury found Akok guilty as charged.

At his PCR trial, Akok testified he was offered a plea in which he would serve "ten years, no mandatory." According to Akok, he was not given "any direction" from his "attorney team as to whether to accept or reject the offer."[2] Akok testified, "I wanted to take the plea but [trial counsel] said, 'Don't take the plea. We're going to go to trial. We're going to win. I'm going to get you out of here. Your parents paid me all this money, which I'm going to defend you.'" On appeal,

---

[2] Akok was initially represented by a team of three attorneys, but "two attorneys proceeded to represent [him]" "after the 2016 timeframe."

Akok maintains, "I would have took the plea and I would have never—I would have never had charges on me in the county [relating to the jail assaults], which I would have been sent straight to prison and do my time and I would have discharged." According to Akok, "the appropriate sentence would have been" "[t]en years, no mandatory."

When a PCR applicant claims ineffective assistance in the context of rejecting a plea offer, there are three elements the applicant must show under the prejudice prong:

> (1) "a reasonable probability [the applicant] would have accepted the earlier plea offer had [the applicant] been afforded effective assistance of counsel"; (2) "a reasonable probability the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it, if they had the authority to exercise that discretion under state law"; and (3) "a reasonable probability that the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time."

*Dempsey v. State*, 860 N.W.2d 860, 868 (Iowa 2015) (quoting *Missouri v. Frye*, 566 U.S. 134, 147 (2012)). In rejecting Akok's PCR claim on this issue, the district court stated:

> At trial in this matter, Mr. Akok did not present any evidence other than his own testimony. He alleged that his attorneys did not advise him on whether to accept or reject any plea offer in case number FECR052353, but that he ultimately decided himself to reject the plea offer and go to trial. . . .
> . . . .
> There was no evidence at trial supporting Mr. Akok's claim that he would have taken a plea deal had he been properly advised by his attorneys, or that his counsel failed to properly advise him regarding the plea deal. . . .
> . . . .
> Even if the court were to find Mr. Akok had established ineffective assistance by his attorneys in either case, he cannot satisfy the prejudice prong of his claims. Again, other than his own conclusive statements that he would have been acquitted on all

charges absent the ineffective assistance in case number FECR052353, he has presented no evidence that this outcome would have occurred. There was beyond sufficient evidence presented at trial to support his convictions.

Indeed, Akok's counsel did not testify at the PCR hearing, so it is unclear whether counsel could recall if such a plea offer was made or if he advised Akok to reject it. *See, e.g.*, *Williams v. State*, No. 21-0394, 2022 WL 949748, at *2 (Iowa Ct. App. Mar. 30, 2022) ("We are not convinced his trial counsel told him to reject the plea offer, thus counsel did not breach an essential duty. Further, we are not convinced trial counsel breached a duty even if she did advise Williams not to accept the plea offer."). However, Akok acknowledged he filed a motion the day before his criminal trial was scheduled to begin stating, "I need a new attorney to represent me due to ineffective counsel." The district court addressed the motion with Akok, who retracted, stating in part, "If I do get a new attorney, I basically plead guilty." Akok then formally withdrew his motion and proceeded to trial with his hired counsel. At the PCR trial, Akok conceded this much, stating as follows:

> [STATE]: Well, you said to the Court that you'd basically be pleading guilty, which is why you didn't want to file the motion anymore; right? [AKOK]: Say that again, please?
> Q. Well, you told the Court that you weren't going to proceed with the motion for a new attorney because you would basically be pleading guilty if you did; right? A. Yes.
> Q. And you didn't want to do that because you withdrew your motion; right? A. Right.

Upon review, we agree with the district court that Akok failed to prove his ineffective-assistance-of-counsel claim in connection with his decision to reject the plea offer and proceed to trial. We affirm on this issue.

*B. Counsel's Failure to Advise Akok about the Consequences of the Sex-Offender-Treatment Requirement.* Because the charges Akok pleaded guilty to in

his second case were of a sexual nature, the Iowa Department of Corrections (DOC) required him to complete a sexual offender treatment program (SOTP) prior to being released on parole. Akok claims his counsel "should have advised him of the impact of having to complete [SOTP] prior to release and that requirement usually delayed release until nearly the point of discharging the sentence."

"A defendant is entitled to the effective assistance of counsel in the plea-bargaining process." *Dempsey*, 860 N.W.2d at 868. A guilty plea must be "made voluntarily and intelligently." Iowa R. Crim. P. 2.8(2)(b). To ensure that a plea is voluntary and intelligent, the district court must inform the defendant of its direct consequences. *State v. Carney*, 584 N.W.2d 907, 908 (Iowa 1998). But the court need not tell the defendant about "all indirect and collateral consequences of a guilty plea." *Id.* "The same is true when it comes to plea counsel; failure to inform the client of collateral consequences does not constitute deficient performance." *Sand v. State*, No. 22-0523, 2023 WL 3612370, at *2 (Iowa Ct. App. May 24, 2023). Plea counsel does, however, deliver a deficient performance by misinforming their client as to those consequences. *Doss*, 961 N.W.2d at 713.

In rejecting Akok's claim, the court found "the record does not support [his] contention" "he was inadequately advised into accepting the plea offer." We agree. At the PCR trial, Akok testified as follows:

> [STATE]: And you were ultimately asked specifically about the sex abuse sentences while at the joint sentencing hearing; correct? [AKOK]: Yes.
> . . . .
> Q. They confirmed that you understood the special sentence; isn't that true? A. Yes.
> Q. And they even gave you an opportunity to withdraw your guilty pleas; isn't that right? A. Which—yes.

Q. But you decided not to do so; correct? A. I wanted to, but I decided to just agree to it.

Q. Well, you've testified now at this point in time that you understood each of those components and the Court explained them to you; isn't that true? A. Yes.

To be clear, Akok does not claim he was misinformed about a collateral consequence of his plea; rather, he contends "the [SOTP] is essentially requiring [him] to serve the entire sentence [by] the end of the time that [he] would complete the treatment program." Again, because counsel did not testify at the PCR trial, we do not know whether he could recall advising Akok about his parole eligibility. Even so, Akok's counsel "had no duty to warn that the DOC could require him to participate in SOTP and delay his parole eligibility." *See Sand*, 2023 WL 3612370, at *3. "'Parole eligibility is a collateral consequence of a plea. So too is the [board of parole]'s exercise of its discretion whether to grant parole." *Sothman*, 967 N.W.2d at 523 (quoting *Stevens v. State*, 513 N.W.2d 727, 728 (Iowa 1994)). Because Akok's "counsel did not provide any misinformation, h[is] performance did not fall below the standard of a reasonably competent practitioner." *Sand*, 2023 WL 3612370, at *3. We affirm on this issue.

We affirm the denial of Akok's PCR applications.

**AFFIRMED.**