# IN THE SUPREME COURT OF IOWA

No. 17–0807

Filed May 31, 2019

**REVETTE SAUSER,**

Appellant,

vs.

**STATE OF IOWA,**

Appellee.

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Delaware County, Thomas A. Bitter, Judge.

Applicant for postconviction relief appeals a district court decision denying her claim for ineffective assistance of counsel. **DECISION OF COURT APPEALS VACATED; DISTRICT COURT JUDGMENT REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.**

Webb L. Wassmer of Wassmer Law Office, P.L.C., Marion, for appellant.

Thomas J. Miller, Attorney General, Tyler J. Buller and Susan Krisko, Assistant Attorneys General, and John W. Bernau, County Attorney, for appellee.

**CADY, Chief Justice.**

In this appeal from a ruling by the district court that denied an application for postconviction relief, we consider whether a factual basis existed for the element of confinement to support a plea of guilty to the crime of kidnapping in the second degree. The court of appeals affirmed the decision of the district court. On further review, we vacate the decision of the court of appeals, reverse the decision of the district court, and remand the case for further proceedings. We conclude a factual basis to support the confinement element of the crime of kidnapping is not established by evidence that the defendant impeded the victim's movement by pointing a handgun at the victim for a period of time before shooting and killing him.

## I. Background Facts and Proceedings.

Revette Ann Sauser and Terry Sauser were married for twelve years. Their marriage was plagued for years by discord and strife. On April 3, 2011, Revette shot Terry with a handgun. The incident occurred as Terry was sitting in a chair in the living room of their home. He was intoxicated, and a verbal altercation ensued. Revette retrieved a handgun located in the house and concealed it on her person. She then pulled the gun out and pointed it at Terry for a period of time before the verbal altercation abruptly ended when the gun was fired. Revette then called emergency responders to report that she shot Terry. Terry died shortly after law enforcement officers arrived at the home.

Sauser was charged by trial information with murder in the first degree in violation of Iowa Code section 707.2 (2011). A plea bargain was reached between the State and Sauser shortly before trial was to begin. Pursuant to the plea bargain, the State amended and substituted the trial information to charge Sauser with kidnapping in the second degree

in violation of section 710.3, voluntary manslaughter in violation of section 707.4, and going armed with intent in violation of section 708.8.

Sauser then entered a plea of guilty to the three charges on February 1, 2012. She also waived her right to file a motion in arrest of judgment, and the case proceeded to immediate sentencing. The district court sentenced Sauser to twenty-five years of incarceration for the kidnapping conviction, ten years' incarceration for the voluntary manslaughter conviction, and five years for a going-armed-with-intent conviction. The court ordered the sentences be served consecutively.

Sauser subsequently filed an application for postconviction relief. Among other claims, she asserted her trial counsel was ineffective for permitting her to plead guilty to the kidnapping charge because no facts were presented to show that she committed the essential element of confinement.

After years of legal maneuvering, a hearing was held on the postconviction relief claim. Her original trial counsel testified he believed the confinement element was established because Sauser told him she pointed the gun at the victim "for some time" before discharging it. The plea colloquy was also made a part of the postconviction relief record. During the plea colloquy, Sauser acknowledged she took the gun into the living room knowing she was "going to confine Terry," and she used the gun "to keep [Terry] confined in that space."

The district court found Sauser was not denied effective assistance of counsel. It denied her application for postconviction relief. It found a factual basis for confinement existed to support the plea of guilty and further found Sauser failed to establish relief under her other claims.

Sauser appealed from the district court ruling. Her sole claim of error relates to the lack of a factual basis to support the element of

confinement. As a part of this claim, she argued the district court should have informed her of the legal definition of confinement during the plea colloquy.

We transferred the case to the court of appeals. It affirmed the decision of the district court. It held that Saucer's trial counsel did not provide ineffective assistance because a factual basis did exist for the plea and she was not entitled to be informed about the law governing the meaning of confinement. Sauser sought, and we granted, further review.

## II. Standard of Review.

We generally review the denial of an application for postconviction relief for correction of errors at law. *Goosman v. State,* 764 N.W.2d 539, 541 (Iowa 2009).

## III. Analysis.

In order to prevail on an ineffective-assistance-of-counsel claim, a defendant must demonstrate both that "(1) . . . trial counsel failed to perform an essential duty, and (2) this failure resulted in prejudice." *State v. Straw,* 709 N.W.2d 128, 133 (Iowa 2006); *see also Strickland v. Washington,* 466 U.S. 668, 687–88, 104 S. Ct. 2052, 2065 (1984). Defense counsel violates an essential duty under the first prong by allowing a defendant to plead guilty to a charge that lacks a factual basis. *State v. Philo,* 697 N.W.2d 481, 485 (Iowa 2005); *see also State v. Doggett,* 687 N.W.2d 97, 101–02 (Iowa 2004). Under the second prong, a defendant is required to show the results of the proceeding would have been different but for counsel's error. *Philo,* 697 N.W.2d at 485. Because Sauser's kidnapping sentence relied entirely on her guilty plea, prejudice would be established if counsel was ineffective.

Accordingly, Sauser must establish that the record is devoid of a factual basis supporting the kidnapping conviction. *See State v. Ortiz,*

789 N.W.2d 761, 765 (Iowa 2010) (explaining the defendant must demonstrate the record is lacking a factual basis to support a first-degree burglary charge in order to prevail on the essential-duty prong of ineffective assistance of counsel). An essential element of kidnapping requires a person to confine or remove another from one place to another without authority. Iowa Code § 710.1. Thus, the narrow issue we face is whether the record contains a factual basis to demonstrate Sauser confined the victim in a manner to support an independent kidnapping charge.

A factual basis must be found within the record, and the record as a whole must contain facts to satisfy each element of the offense. *Ortiz*, 789 N.W.2d at 767–68. A factual basis may be determined from four sources: "(1) the prosecutor's statements, (2) the defendant's statements, (3) the minutes of testimony, and (4) the presentence report." *Rhoades v. State*, 848 N.W.2d 22, 29 (Iowa 2014).

The State argues a factual basis for the confinement element of the crime was established by testimony presented at the postconviction relief hearing by Sauser's trial counsel, the minutes of testimony, and Sauser's statements made during the plea colloquy. In response, Sauser initially claims her statements at the plea colloquy cannot be used to help establish a factual basis because the district court failed to explain the meaning of the word "confinement" to her as a part of the colloquy.

We find it unnecessary to address the claim that the district court was required to inform Sauser of the meaning or definition of confinement. Her claim on appeal is not that her plea was not voluntary, but whether a factual basis exists. *State v. Finney*, 834 N.W.2d 46, 61–62 (Iowa 2013) (distinguishing a voluntariness claim from a claim based on a lack of factual basis).

We recently reviewed our law governing the quantity and quality of evidence needed to support a kidnapping conviction associated with the conviction of another crime in *State v. Robinson*, 859 N.W.2d 464, 467–78 (Iowa 2015). Overall, for the crime of kidnapping to be punished as a separate offense, the confinement (or removal) must be beyond that which would ordinarily be associated with the other underlying offense. *Id.* at 477. In other words, it must be more than "an inherent incident of [the] commission of the [other] crime." *State v. Rich*, 305 N.W.2d 739, 745 (Iowa 1981). This requirement generally means such confinement must have an independent role from the other crime, so that it "*substantially* increases the risk of harm to the victim, *significantly* lessens the risk of detection, or *significantly* facilitates escape following the consummation of the offense." *Robinson*, 859 N.W.2d at 478 (quoting *Rich*, 305 N.W.2d at 745). Importantly, we also recalled the underlying rationale for permitting an independent conviction for kidnapping was that it made the underlying crime more heinous. *Id.* at 476; *see also State v. Marr*, 316 N.W.2d 176, 180 (Iowa 1982). The idea is that the kidnapping must make the defendant's overall actions substantially more dangerous.

The State identifies three reasons to support its claim that kidnapping occurred in this case when Sauser pointed the handgun at the victim prior to shooting him. First, it asserts this act of confinement by Sauser increased the risk of harm to the victim because it made him an easier target when she discharged the weapon. Second, it asserts the confinement lessened the risk of detection because it prevented the victim from fleeing the house before the shooting occurred. Third, this confinement would have made escape by Sauser easier if she had chosen to escape instead of calling law enforcement.

The evidence of confinement from the testimony at the postconviction relief hearing and the plea colloquy provides little support for the notion that it rendered the crime more heinous. The analysis we follow is not theoretical but factual. The facts culled from the hearing and the plea colloquy do not reveal the amount of time the victim was held at gunpoint, and the reasons offered by the State that transformed the case into a kidnapping was merely speculative. Additionally, the minutes of testimony do little to transform the incident into a kidnapping, although they could suggest that thirty minutes or so elapsed between the time the gun was first pointed at the victim and the time it was discharged.

Furthermore, the evidence of confinement in this case does not align with the evidence of confinement identified in our prior cases to support an independent conviction of kidnapping since we first addressed this issue in *Rich*. *See Rich*, 305 N.W.2d at 742; *see also State v. Griffin*, 564 N.W.2d 370, 373 (Iowa 1997) (finding kidnapping when defendant's confinement of the victim was longer than necessary to commit the underlying sexual assault); *State v. Misner*, 410 N.W.2d 216, 223–24 (Iowa 1987) (concluding substantial evidence supported the jury's finding that hostage-taking was kidnapping); *State v. Newman*, 326 N.W.2d 796, 801–02 (Iowa 1982) (finding an independent kidnapping charge when defendant pulled the victim into a car, drove away, and sexually assaulted her); *State v. Knupp*, 310 N.W.2d 179, 183 (Iowa 1981) (holding that luring a victim into a vehicle and forcing her to commit sex acts constituted kidnapping). Each of those cases relied on a series of acts of confinement that made the underlying crime more abominable. Instead, the circumstances in this case align more with *State v. Mead*, 318 N.W.2d 440, 445 (Iowa 1982), in which we found

insufficient evidence of kidnapping involving the underlying crimes of burglary and assault. In *Mead*, the defendant entered a woman's home and confined her for a short period of time by holding a knife to her throat. *Id.* at 441–42. We said, "[K]idnapping cannot be predicated on merely 'seizing' another person." *Id.* at 445. It is a heinous crime to assault a person by holding a knife at their throat, but the confinement it created does not render the assault more heinous.

Overall, the facts in this case were more associated with a shooting than a kidnapping prior to the shooting. Moreover, there was no evidence Sauser confined the victim to purposely make it easier to strike him with a bullet or to lessen the risk of being detected or to aid in an escape. Instead, a fair review of all of the evidence revealed the confinement was simply the unique facts associated with a particular shooting and was related to the marital discord leading up to the shooting. The shooting was not made substantially more heinous to support a conviction for kidnapping.

### IV. Conclusion.

We conclude there was insufficient evidence to trigger a conviction for kidnapping in this case. We reverse the decision of the district court and remand the case for further proceedings. If the State is unable to establish a factual basis, the plea bargain is vacated and the prior charge is reinstated.

**DECISION OF COURT APPEALS VACATED; DISTRICT COURT JUDGMENT REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.**

All justices concur except McDonald, J., who takes no part.