# IN THE COURT OF APPEALS OF IOWA

No. 19-0325
Filed April 29, 2020

**DUSTIN WILLIAM SNOWBIRD,**
 Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
 Respondent-Appellee.
_____

Appeal from the Iowa District Court for Cerro Gordo County, Chris Foy, Judge.

An incarcerated person appeals the denial of his application for postconviction relief. **AFFIRMED.**

R. Ben Stone of Parrish Kruidenier Dunn Boles Gribble Gentry Brown & Bergmann LLP, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney General, for appellee State.

Considered by Tabor, P.J., and Mullins and Schumacher, JJ.

**TABOR, Presiding Judge.**

Dustin Snowbird appeals the denial of his application for postconviction relief (PCR). He claims the PCR court should have found his trial and appellate counsel were ineffective for not challenging the felony-plea-taking court's failure to mention his right to confront and cross examine the State's witnesses. Because Snowbird fails to show he was prejudiced by counsel's performance, we affirm.

In 2014, Snowbird pleaded guilty to seven offenses in six separate district court cases: possession of methamphetamine, a class "D" felony (FECR022729); third-offense public intoxication, an aggravated misdemeanor (AGCR022942); possession of methamphetamine, a class "D" felony (FECR023018)[1]; second-degree criminal mischief, a class "D" felony (FECR023112); third-offense public intoxication, an aggravated misdemeanor (SMSM034070); and assault on a peace officer and second-degree harassment, serious misdemeanors (AGCR023164). Running some terms concurrent and some consecutive, the district court sentenced Snowbird to incarceration not to exceed eleven years for these crimes. Before his plea agreement with the State, Snowbird faced a maximum penalty of thirty-one years in prison. Snowbird filed a direct appeal but voluntarily dismissed that case before it was heard.

Instead, he applied for PCR in 2016. In an amended version of his application, he noted the judge who accepted his felony guilty pleas did not inform him that he was waiving his right to confront and cross examine witnesses at a

---

[1] Snowbird told the PCR court the evidence was "sufficient to prove" he was guilty of this drug felony and he was not arguing "constitutional grounds or process of error" on that conviction.

trial. His written pleas to the misdemeanor offenses did include that information: "I have been advised and know that I may plead not guilty to said charge and if so: . . . [t]hat I may confront my accusers and cross-examine the witnesses against me." At the postconviction hearing, Snowbird told the court: "[I]f . . . I had known the right to confront these people, I would have stopped the plea proceedings, I would not have pled guilty to these charges, and I would have went to trial."

The PCR court was not convinced, reasoning: "It strains belief to suggest that someone having as much experience with and exposure to the criminal justice system as Snowbird would be ignorant of any of his trial rights, including his right to confront and cross-examine witnesses for the State at trial." The court also noted: "The guilty pleas signed by Snowbird and filed in each of the misdemeanor cases expressly describe his right to confront and cross-examine any witnesses that the State presented at trial." The court also underscored the favorable plea deal before concluding even if Snowbird had been explicitly advised he was giving up his confrontation rights, he "still would have tendered his guilty pleas in the felony cases."

We generally review the denial of PCR for legal error. *Sauser v. State*, 928 N.W.2d 816, 818 (Iowa 2019). But we assess ineffective-assistance-of-counsel claims de novo. *Kane v. State*, 436 N.W.2d 624, 626 (Iowa 1989). To prevail on his claim, Snowbird must prove (1) counsel failed to perform an essential duty and (2) that failure resulted in prejudice. *See State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006). In the guilty plea context, prejudice requires Snowbird show a reasonable probability that but for counsel's error, he would not have pleaded guilty and would have insisted on going to trial. *See State v. Myers*, 653 N.W.2d 574,

578 (Iowa 2002) (finding no prejudice when plea-taking court failed to inform defendant of her right to compulsory process).

Like the district court, we find no credibility in Snowbird's claim that had his attorneys challenged the plea-taking court's omission of information on confrontation (either at the plea stage or on appeal), he would have insisted on going to trial. *See Swalley v. State*, No. 09-0855, 2011 WL 3480954, at *3 (Iowa Ct. App. Aug. 10, 2011) (finding applicant's assertion he would have proceeded to trial had his attorney not made the claimed mistakes "rings hollow" given the maximum prison terms he would have faced without the plea agreement).

After reviewing the criminal and PCR records and Snowbird's claims, we affirm the PCR court's decision by this memorandum opinion under Iowa Court Rule 21.26(1)(d) and (e).

**AFFIRMED.**