# IN THE COURT OF APPEALS OF IOWA

No. 19-0517
Filed July 22, 2020

**ADAM CADE GILSON,**
　　　　Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
　　　　Respondent-Appellee.
_____

　　　　Appeal from the Iowa District Court for Story County, Bethany Currie, Judge.


　　　　Adam Gilson appeals the denial of his application for postconviction relief. **AFFIRMED.**


　　　　Christopher A. Clausen of Clausen Law Office, Ames, for appellant.

　　　　Thomas J. Miller, Attorney General, and Bridget A. Chambers, Assistant Attorney General, for appellee State.


　　　　Considered by Vaitheswaran, P.J., May, J., and Scott, S.J.*

　　　　*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2020).

**SCOTT, Senior Judge.**

In 2013, Adam Gilson pled guilty to a tax-stamp violation and third-degree theft in the Iowa District Court for Story County. He was sentenced to consecutive terms of imprisonment not to exceed five and two years. The terms of imprisonment were suspended, and Gilson was placed on probation for two years.

In March 2014, the State applied for revocation of Gilson's probation, alleging several violations. A warrant issued for his arrest. In May, Gilson was taken into custody in Tama County. He was subsequently indicted on federal charges. At some point, Gilson was transported to the Linn County Jail on a federal detainer. According to Gilson's testimony at the postconviction-relief trial, his attorney in federal court advised him to reach out to the State and get the probation-revocation matter resolved prior to federal sentencing. Also according to Gilson, at some point he directed his revocation counsel "to get Story County to come get" him, presumably for the purpose of serving his active warrant and resolving the probation-revocation matter, but "they basically said to just let [him] go into the federal system."

While serving his federal sentence, Gilson attempted to enter a residential drug-abuse program. At that point in time, he learned he was still under a Story County detainer for violating his probation. Gilson believed he could not enter the program with a pending detainer. As a result, Gilson, in early 2016, reached out to his revocation counsel to get the matter resolved. Following a number of continuances, a revocation hearing was held in September. At the commencement of the hearing, counsel advised the court Gilson was aware of his right to be personally present at the hearing. Gilson participated in the hearing via

telephone, and he acknowledged his waiver of his right to be personally present. Gilson stipulated to violating the terms of his probation in various respects. The court revoked Gilson's probation and imposed the original terms of imprisonment, to be served consecutively to his federal sentence.

In November, Gilson filed an application for postconviction relief. In April 2017, the district court granted the State's motion for summary disposition. We reversed and remanded for further proceedings, *see generally Gilson v. State*, No. 17-0736, 2018 WL 3472039, at *2 (Iowa Ct. App. July 18, 2018), after which the State moved for a more specific statement and summary disposition. In his amended application, Gilson argued, among other things, (1) "his conviction and sentence should be deemed served because he attempted to be extradited back to Story County" but "Story County declined to extradite" him and (2) "his due process rights were violated when he was not permitted to appear at his probation [revocation] hearing in person but appeared by telephone."

The matter proceeded to trial. As to the due process claim, Gilson seemed to suggest he should have been entitled to wait until he completed his federal sentence, appeared at the revocation hearing in person, and demonstrated the progress he had made while in federal prison. Gilson's revocation counsel also testified at trial. He noted he specifically advised Gilson that he would have a better chance of having his State sentence ordered to be served concurrently to his federal sentence if he waited until the end of his federal sentence. On that advice, Gilson chose early on to do nothing in the probation-revocation matter. Then, later, when Gilson was unable to enter programming in federal prison, Gilson directed counsel to get the matter resolved as soon as possible. Counsel again

advised he would have a better chance at a concurrent sentence on the State charges if he waited until he completed his federal sentence. Then, after speaking with his federal attorney, Gilson directed his revocation attorney to schedule a telephonic revocation hearing. Counsel again advised it would be better to wait, but Gilson insisted.

Ultimately, the district court denied Gilson's application for postconviction relief. This appeal followed. Appellate review of denials of postconviction-relief applications is generally for correction of legal error. *Sauser v. State*, 928 N.W.2d 816, 818 (Iowa 2019). We review constitutional claims de novo based on the totality of the circumstances. *Goode v. State*, 920 N.W.2d 520, 523 (Iowa 2018).

First, Gilson argues his sentence should be deemed served or waived because the State did not extradite him to Story County before he began serving his federal sentence. Gilson relies solely on *Shields v. Beto*, 370 F.2d 1003 (5th Cir. 1967). That case is readily distinguishable, as it merely stands for the proposition that a twenty-eight-year "lack of interest" in return of a prisoner from another state after surrendering him prior to discharging his sentence, "either by agreement between the sovereigns, by detainer, or any other affirmative action," "was equivalent to a pardon or commutation of his sentence and a waiver of jurisdiction." *Shields*, 370 F.2d at 1006. Here, the State placed a detainer on Gilson for the purpose of having Gilson returned to the State upon his completion of his federal sentence. The State exhibited a sufficient interest to preclude a waiver of jurisdiction.

Second, Gilson argues his due process rights were violated when the court allowed him to participate in the revocation hearing telephonically. But counsel

made clear he advised such a procedure might be illegal. *See Calvert v. State*, 310 N.W.2d 185, 188 (Iowa 1981) (noting probationers are constitutionally entitled to "an opportunity to be heard in person"). Gilson insisted. He cannot now be heard on appeal to complain. *See, e.g.*, *Jasper v. State*, 477 N.W.2d 852, 856 (Iowa 1991) (noting litigants "cannot deliberately act so as to invite error and then object because the court has accepted the invitation"). In any event, even characterizing the revocation hearing as a critical stage of the criminal proceedings, we are convinced the right to physical presence can be waived, at least under the circumstances presented here—with Gilson participating telephonically and the hearing being nothing more than a cut-and-dry stipulation to probation violations—and Gilson did so knowing, voluntarily, and intelligently.

We affirm the denial of Gilson's application for postconviction relief.

**AFFIRMED.**