# IN THE COURT OF APPEALS OF IOWA

No. 19-1837
Filed October 21, 2020

**ANNA SOTHMAN,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.

_____

Appeal from the Iowa District Court for Marion County, Michael K. Jacobsen, Judge.

Anna Sothman appeals the denial of her application for postconviction relief.
**AFFIRMED.**

Martha J. Lucey, State Appellate Defender, and Shellie L. Knipfer, Assistant Appellate D

efender, for appellant.

Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney General, for appellee State.

Considered by Bower, C.J., and May and Ahlers, JJ.

**BOWER, Chief Judge.**

Anna Sothman appeals the denial of her application for postconviction relief. Sothman claims her trial counsel was ineffective by providing incorrect and misleading information about her potential sentence prior to her plea and for failing to assert her right to a public plea hearing. We affirm.

**I. Background Facts & Proceedings**

On August 6, 2016, Sothman pleaded guilty to child endangerment resulting in death.[1] This initial plea hearing occurred in open court.

Child endangerment resulting in death is a forcible felony under Iowa law, with a statutory sentence of fifty years in prison. Iowa Code § 702.11 (2016) (listing "any felonious child endangerment" as a forcible felony); *id.* § 726.6(4) (establishing the specific sentence). Part of the original plea agreement was that after Sothman had been in prison for several months, she could file for reconsideration of her sentence and request a suspended sentence, which the State would not resist.[2]

Soon after Sothman entered her plea, the county attorney determined Sothman would not be eligible for a suspended sentence because her offense is a forcible felony. *See id.* §§ 702.11, 907.3 (disallowing suspended or deferred sentences for forcible felony offenses). The county attorney offered to write a letter of recommendation to the parole board on Sothman's behalf after she had served six months of her sentence if she decided to continue under the plea and proceed

---

[1] Sothman did not directly appeal her guilty plea and conviction.
[2] The State also agreed not to file several other serious charges.

to sentencing. Alternatively, the State would not resist if Sothman filed a motion in arrest of judgment and asked to withdraw her guilty plea.

Sothman's counsel advised Sothman she "would be an excellent candidate for parole" but noted "there are no guarantees on either a motion to reconsider or parole request. The ultimate decision is out of your hands." Sothman's counsel informed her she would immediately be eligible for parole, and individuals typically served an average of between four and five years on such a sentence.

The September 23 sentencing hearing began in chambers. A record was made where the attorneys discussed their original understanding and the alteration of the plea agreement due to the impossibility of a reconsideration of sentence. Sothman testified she had an opportunity to discuss the change with her attorney and she understood she would be sentenced and any future parole would be at the discretion of the parole board. She also testified she understood she could have attempted to withdraw her plea through a motion in arrest of judgment and chose not to do so. The hearing then moved to open court where the court rendered judgment and imposed the statutory fifty-year sentence.

Sothman was denied parole in her annual reviews in 2017 and 2018 due to the seriousness of her crime. On April 16, 2019, Sothman filed an application for postconviction relief (PCR). Her PCR trial occurred on October 2.[3]

The PCR court found counsel did not fail to perform an essential duty and Sothman had failed to prove prejudice. Consequently, the court denied her application for PCR. Sothman appeals.

---

[3] Sothman's parole was denied for the third time one week before the PCR trial.

## II. Standard of Review

We generally review postconviction proceedings for correction of errors at law. *Sauser v. State*, 928 N.W.2d 816, 818 (Iowa 2019). "We review claims of ineffective assistance of counsel de novo." *State v. Clay*, 824 N.W.2d 488, 494 (Iowa 2012).

## III. Analysis

Sothman claims her trial counsel provided ineffective assistance. First, she claims counsel misinformed her regarding parole eligibility so her plea was not knowing and voluntary. She also claims counsel was ineffective in not asserting her right to a public plea hearing.

"Ineffective assistance of counsel constitutes deficient performance by counsel resulting in prejudice, with performance being measured against an objective standard of reasonableness, under prevailing professional norms." *Id.* at 494-95 (quotation marks and citations omitted). "In order to prevail on an ineffective-assistance-of-counsel claim, [an applicant] must demonstrate both that '(1) . . . trial counsel failed to perform an essential duty, and (2) this failure resulted in prejudice.'" *Sauser*, 928 N.W.2d at 818 (citation omitted). "If the claim lacks prejudice, it can be decided on that ground alone without deciding whether the attorney performed deficiently." *Ledezma v. State*, 626 N.W.2d 134, 142 (Iowa 2001).

Sothman testified, "My understanding was that I would plead guilty to this and then be immediately transported to the prison and be eligible for parole and be home within a year." She agreed to the plea deal, believing it was the fastest way to get the children and herself home. Sothman stated she did not want to

drag her children through a trial and just wanted everything over with as soon as possible. Sothman further testified she would not have accepted the plea agreement if she had understood it entailed years in prison.

During his testimony, Sothman's trial counsel mentioned Sothman's desire to avoid the publicity and social costs of a trial as well as a lack of defense beyond a general denial. Letters from counsel to Sothman indicated her immediate eligibility for parole. After the State corrected, post-plea, the misconception about the possibility of reconsideration, Sothman and her counsel discussed what to do. Counsel's letters dated August 11 and 16, 2016, specifically note the State's offer to Sothman to set aside her guilty plea based on the unavailability of sentence reconsideration. In the August 16 letter, defense counsel mentions a multi-year average sentence despite immediate parole eligibility and that "there are no guarantees on either a motion to reconsider or parole request." Sothman signed and returned a copy of the letter indicating she wanted to seek parole and did not wish to change her guilty plea.

"When the ineffectiveness claim is based on alleged failure to advise a defendant of the consequences of a guilty plea, the rule is that, if the consequences flow 'directly' from the plea, the plea may be held invalid." *State v. Carney*, 584 N.W.2d 907, 910 (Iowa 1998) (citation omitted). A guilty plea based on erroneous legal advice can establish the prejudice prong of an ineffective-assistance-of-counsel claim.[4] *Meier v. State*, 337 N.W.2d 204, 208 (Iowa 1983).

---

[4] "[I]f the fallout from the plea is 'collateral,' counsel is generally not held to be ineffective for failing to inform the defendant about it." *Carney*, 584 N.W.2d at 910 (citation omitted). "Parole eligibility is a collateral consequence of a plea." *Stevens v. State*, 513 N.W.2d 727, 728 (Iowa 1994).

If Sothman had gone into sentencing unaware that sentence reconsideration was not an option, she would have established prejudice. However, immediately upon realization Sothman was ineligible for sentence reconsideration, the State offered to allow Sothman to withdraw her plea and presented an alternative in the form of a letter of recommendation for her parole within months of her conviction. The State, Sothman's counsel, and the court discussed with Sothman the change and what it meant before proceeding to sentencing, including that parole would be up to the parole board. This case does not fall within the *Meier* erroneous advice standard. *See Meier*, 337 N.W.2d at 208.

Sothman was not misinformed. At the time of Sothman's initial plea, the court stated, "It is up to the parole board to determine when and if you will be eligible for parole. They make those decisions, the court does not." At the sentencing hearing, when assuring Sothman still wanted to enter her guilty plea before proceeding to sentencing, her counsel asked, "And it's your understanding today that you will be sentenced, . . . and that there is no mandatory minimum and you would be eligible for parole. But the court will not be granting that. That would have to go through the parole board?" Sothman responded, "That's correct." Sothman did not have any questions, indicated she felt fully informed, and chose to proceed with her plea.

After sentencing, Sothman was immediately eligible for parole—just as counsel advised. The State has provided the promised recommendation letter. From counsel's letter, Sothman was informed the average time served on her sentence was over four years. We find Sothman's misunderstanding of the

potential parole timeline is not sufficient to provide a basis for a claim of ineffective assistance.

Next, Sothman claims counsel provided ineffective assistance by not objecting to the in-chambers colloquy with the judge immediately prior to sentencing. Sothman claims she would have withdrawn her plea under advice from her father if the plea reconsideration discussion had occurred in open court. During her testimony, she admitted her father had visited her multiple times at the jail following her plea and after counsel advised her reconsideration was not possible for her offense. They did not discuss her decision to not withdraw her guilty plea in any of those visits. Nor did she establish her father would have interrupted the hearing or advise her to change her plea.

> [W]hen a defendant raises a public-trial violation via an ineffective-assistance-of-counsel claim, . . . prejudice is not shown automatically. Instead, the burden is on the defendant to show either a reasonable probability of a different outcome in his or her case or . . . to show that the particular public-trial violation was so serious as to render his or her trial fundamentally unfair.

*Weaver v. Massachusetts*, 137 S. Ct. 1899, 1911 (2017) (citation omitted).

Sothman has not established a reasonable probability that she would have changed her plea if reviewing her decision had been conducted in open court rather than in the judge's chambers. Nor has she established conducting the colloquy in chambers rendered the process fundamentally unfair. We find Sothman has not established prejudice, and her claim of ineffective assistance of counsel fails.

**AFFIRMED.**