# IN THE COURT OF APPEALS OF IOWA

No. 20-1022
Filed September 1, 2021

**CHAD ROYE BREWBAKER,**
      Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
      Respondent-Appellee.
_____

Appeal from the Iowa District Court for Story County, Amy Moore, Judge.

Chad Brewbaker appeals from the dismissal of his third application for postconviction relief. **AFFIRMED**.

Gary Dickey of Dickey, Campbell & Sahag Law Firm, PLC, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Linda J. Hines, Assistant Attorney General, for appellee State.

Considered by Bower, C.J., and Vaitheswaran and Schumacher, JJ.

**PER CURIAM.**

Chad Brewbaker appeals from the dismissal of his third application for postconviction relief (PCR).  A letter Brewbaker sent to the court in October 2010 should not be construed as a PCR application.  Furthermore, even if Brewbaker intended for the letter to be considered a PCR application, there is no reason the court's failure to treat the letter as such could not have been raised within three years after procedendo was issued in his criminal case.  Additionally, Brewbaker's current PCR application does not come within the relation-back doctrine found in *Allison v. State*, 914 N.W.2d 866, 891 (Iowa 2018).  We affirm the district court's denial of his third PCR application.

## I.      Background Facts and Procedural History

On October 27, 2009, following a jury trial in district associate court, Brewbaker was found guilty of harassment in the third degree, in violation of Iowa Code section 708.7(4) (2009), a simple misdemeanor.  On November 4, Brewbaker filed a pro se motion for new trial.  The court did not take action on the motion because Brewbaker was represented by counsel.  Brewbaker was sentenced to thirty days in jail, the sentence was suspended, and he was placed on probation.  A no-contact order was entered prohibiting Brewbaker from having contact with the victim of the offense.

On December 3, Brewbaker appealed his conviction to the district court.  The district court entered a ruling on July 16, 2010, affirming Brewbaker's

conviction for third-degree harassment. On August 12, 2010, Brewbaker appealed the ruling of the district court.[1]

While his appeal to the Iowa Supreme Court was pending, on October 1, 2010, Brewbaker wrote a letter to the district court requesting the court vacate his judgment. This letter noted Brewbaker's pending application for discretionary review before the Iowa Supreme Court.

On October 12, he sent another letter, stating, "I would like to amend my previous letter regarding [the third-degree harassment charge] as it was taken to be a formal request for postconviction relief on ICIS."[2] Brewbaker asked the district court to reconsider the no-contact order. The court noted the pending application for discretionary review and stated the only issue it could consider was the request to lift the no-contact order. On November 9, the court denied the request to lift the no-contact order.

On November 10, Brewbaker sent a letter to the district court asking for a hearing on the issue of whether the no-contact order should be extended. He sent another pro se letter on November 12, asking to have an attorney appointed "to handle this matter." On November 15, the court stated it would not take action on Brewbaker's correspondence.[3]

---

[1] The Iowa Supreme Court determined Brewbaker could not appeal his simple misdemeanor conviction and treated the notice of appeal as a request for discretionary review. *See* Iowa R. App. P. 6.108.

[2] ICIS refers to the Iowa Court Information System, which is a reference to the court's Electronic Data Management System (EDMS).

[3] Despite the court's statement that it would not consider Brewbaker's pro se letters and filings, Brewbaker continued to send correspondence to the court over the course of several years.

The Iowa Supreme Court denied Brewbaker's application for discretionary review of his conviction for third-degree harassment. Procedendo issued on January 10, 2011.

On August 29, 2016, Brewbaker filed his first PCR application.[4] The State filed a motion to dismiss on the ground the application was untimely under section 822.3. After a hearing, the district court dismissed the PCR application. Brewbaker filed a motion with the Iowa Supreme Court and the court ruled, "[t]o the extent the motion was intended as a petition for writ of certiorari or as an application for interlocutory appeal, those requests are also denied." Procedendo issued on October 26, 2017.

Brewbaker filed a second PCR application on August 5, 2018. The State filed a motion to dismiss the application as untimely. The district court found the application "should be denied because it claims too much, too late, and too often." The application was dismissed because it was barred by the three-year statute of limitations in section 822.3. Brewbaker appealed the district court's decision. The Iowa Court of Appeals affirmed the denial of the second PCR application. *Brewbaker v. State*, No. 18-1641, 2020 WL 5944205, at *2 (Iowa Ct. App. Oct. 7, 2020). Procedendo issued on December 7, 2020.

---

[4] Brewbaker also challenged his suspension by the Board of Regents from participation in a graduate program at a state university for one year based on his harassment of another student, which was based on the same facts as his conviction for third-degree harassment. Brewbaker filed a petition for judicial review, and the district court affirmed the Board of Regents. He appealed the district court's decision. The Iowa Court of Appeals affirmed the district court. *Brewbaker v. State Bd. of Regents*, 843 N.W.2d 466, 475 (Iowa Ct. App. 2013).

While the appeal in Brewbaker's second PCR application was still pending, he filed his third, and current, PCR application on February 18, 2020. The State filed a motion to dismiss the application on the ground it was untimely. Brewbaker resisted the State's motion. The district court found many of Brewbaker's claims were adjudicated in his previous PCR actions. The court also ruled:

> Further, to the extent that any of his claims have not been previously asserted and adjudicated, Applicant cannot demonstrate an exception to the statute of limitations. In order to avoid the time bar in Iowa Code § 822.3, Applicant must assert "a ground of fact or law that could not have been raised within the applicable time period." As to his claims of ineffective assistance of trial counsel, there are simply no grounds that have been raised that could not have been timely raised within the three-year time period.

Brewbaker appeals the district court's denial of his third PCR application.

## II.     Standard of Review

"We generally review the denial of an application for [PCR] for correction of errors at law." *Sauser v. State*, 928 N.W.2d 816, 818 (Iowa 2019). "However, our review is de novo when the basis for [PCR] implicates a constitutional violation." *Linn v. State*, 929 N.W.2d 717, 729 (Iowa 2019).

## III.     Analysis

Brewbaker acknowledges that his PCR application was filed beyond the three-year statute of limitations in section 822.3. He claims, however, that his application comes within the exception for "a ground of fact or law that could not have been raised within the applicable time period." Iowa Code § 822.3.

**A.**     Brewbaker claims his letter to the court on October 1, 2010, should have been treated as a PCR application. The letter stated, "The case is currently under application for discretionary review with the Iowa Supreme Court." He made

a complaint about defense counsel and asked to have his conviction vacated. Brewbaker points out that on November 12 he asked to have counsel appointed "to handle this matter." He contends that the court's failure to treat his October 2010 letter as a PCR application is a relevant ground of fact or law that could not have been raised within the applicable time period.

We can determine that Brewbaker's October 1, 2010 letter should not be construed as a PCR application because on October 12, he states, "I would like to amend my previous letter regarding [the third-degree harassment charge] as it was taken to be a formal request for postconviction relief on ICIS." Thus, Brewbaker specifically stated that he did not want the October 1 letter to be considered a PCR application.[5] Also, his request on November 12 for "an attorney to handle this matter," refers to the requested extension of the no-contact order, as that was the only issue before the court at the time.

Furthermore, even if Brewbaker intended for the October 1 letter to be considered a PCR application, there is no reason the court's failure to treat the letter as such could not have been raised within three years after procedendo issued on January 10, 2011. On November 15, 2010, the court entered an order stating that it would not take action on the correspondence received from Brewbaker. Thus, Brewbaker was made aware at that time the October 1 letter was not considered to be a PCR application and there were no pending PCR proceedings.

---

[5] Brewbaker's letter was filed in the criminal proceeding rather than as a separate civil action.

**B.** Brewbaker asserts that under *Allison v. State*, his present PCR application should relate back to his claimed original, timely-filed PCR application. 914 N.W.2d at 891. The Iowa Supreme Court stated:

> [W]e think the best approach is to hold that where a PCR petition alleging ineffective assistance of trial counsel has been timely filed per section 822.3 and there is a successive PCR petition alleging postconviction counsel was ineffective in presenting the ineffective-assistance-of-trial-counsel claim, the timing of the filing of the second PCR petition relates back to the timing of the filing of the original PCR petition for purposes of Iowa Code section 822.3 if the successive PCR petition is filed promptly after the conclusion of the first PCR action.

*Id.*

Brewbaker, however, does not have an original, timely-filed PCR application. As we noted, the October 1, 2010, letter should not be construed as a PCR application.[6] Also, this case does not involve Brewbaker's second PCR application, but it is his third PCR case. *See id.* ("[T]he filing of the second PCR petition relates back . . . ."); *Long v. State*, No. 19-0726, 2020 WL 2061934, at *4 (Iowa Ct. App. Apr. 29, 2020) ("Long's third PCR application does not fit into *Allison's* narrow exception.").

Moreover, *Allison* does not save Brewbaker's untimely application.[7] *See Lang v. State*, No. 20-0510, 2021 WL 1400074, at *1 (Iowa Ct. App. Apr. 14, 2021)

---

[6] Brewbaker's first PCR application, which was filed on August 29, 2016, was not timely, as it was filed more than three years after procedendo issued on January 10, 2011, following the Iowa Supreme Court's denial of his request for discretionary review. *See* Iowa Code § 822.3.

[7] In addition, a successful PCR petition must be filed "promptly" following "the conclusion of the first PCR action." *Allison*, 914 N.W.2d at 891; *Goode v. State*, 920 N.W.2d 520, 526 (Iowa 2018) ("Based on *Allison*, the statutory limitation period is not an impediment to pursuing a second PCR application relating to the claim in this case if promptly filed following the appeal."); *see also Johnson v. State*, No. 19-1949, 2021 WL 210700, at *2 (Iowa Ct. App. Jan. 21, 2021) (collecting cases

(citing Iowa Code section 822.3 (Supp. 2019), which was amended effective July 1, 2019, to state, "[a]n allegation of ineffective assistance of counsel in a prior case under this chapter shall not toll or extend the limitation periods in this section nor shall such claim relate back to a prior filing to avoid the application of the limitation periods"); *Johnson,* 2021 WL 210700, at *3 (stating "[t]his amendment appears to abrogate *Allison*.").

## IV. Conclusion

We affirm the dismissal of Brewbaker's third PCR application as untimely.

**AFFIRMED.**

---

discussing the word "promptly" in relation to the relation-back doctrine). The present PCR application, filed on February 18, 2020, could not be considered "promptly" filed after the first PCR proceedings were completed on October 26, 2017, when procedendo issued in that case.