## IN THE COURT OF APPEALS OF IOWA

No. 19-1988
Filed October 6, 2021

**CHRISTOPHER L. McAFEE,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Scott County, Mary E. Howes,

Judge.

Christopher McAfee appeals the denial of his application for postconviction

relief. **AFFIRMED**.

G. Brian Weiler, Davenport, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney

General, for appellee State.

Considered by Tabor, P.J., and Greer and Badding, JJ.

**TABOR, Presiding Judge.**

At his postconviction-relief (PCR) hearing, Christopher McAfee told the district court he first heard of the sex offender registration requirement at his sentencing for invasion of privacy and assault. In contrast, his trial counsel testified McAfee knew about the requirement going into his bench trial. The court believed counsel. Deferring to that credibility finding, we affirm the denial of postconviction relief.

### I.    Facts and Prior Proceedings

We adopt this statement of facts from McAfee's direct appeal.

> After a night of drinking, McAfee returned to his home with his girlfriend, his girlfriend's roommate—the victim, and a friend of the victim. All were drinking, and all but the victim were using cocaine. The victim awoke the next morning and found she was not wearing her pants or underwear. She did not recall what happened the night before, but about a month later, her boyfriend received photos and a video that were taken of her that night. She was embarrassed and humiliated, and contacted the police. McAfee admitted to taking the video in which the victim is face down in the bed, unclothed from the waist down, and does not move during the video. . . . The video also shows McAfee touching the victim in a sexual manner, and the victim did not move in reaction to the touching.

*State v. McAfee*, No. 13–0268, 2014 WL 1494901, at *1 (Iowa Ct. App. Apr. 16, 2014).

Based on those facts, the State charged McAfee with three counts of invasion of privacy–nudity, serious misdemeanors, in violation of Iowa Code section 709.21 (2011), and one count of simple-misdemeanor assault, in violation of Iowa Code section 708.2(6). After a bench trial, the court found him guilty of one count of invasion of privacy and the assault. The court sentenced McAfee to one year in jail to be served concurrently with a thirty-day term. The court also

imposed a special sentence under Iowa Code section 903B.2 and ordered McAfee to register as a sex offender. McAfee appealed. We affirmed his conviction and sentence. *See id.* at *4.

McAfee applied for PCR in August 2014. He raised two issues resolved on direct appeal, but added two issues that were not. In the new claims, he argued trial counsel was ineffective in not introducing a DVD into evidence and his attorney "misled [him] into believing if [he] was found guilty [he] wouldn't have to register under 692A.102[1](B)(7)."[1] The district court granted the State's motion to dismiss McAfee's application, finding all the issues had been decided on direct appeal. In his first PCR appeal, we affirmed in part, reversed in part, and remanded the case for an evidentiary hearing on the two new issues. *McAfee v. State*, No. 15–1289, 2016 WL 7403710, at *1 (Iowa Ct. App. Dec. 21, 2016).

At that evidentiary hearing, both McAfee and his trial counsel testified. Counsel recalled that McAfee thought the DVD was "exonerating evidence," but counsel disagreed. Counsel also testified that he did "not have a specific recollection of informing McAfee of his sexual registration requirements . . . ." But based on "long standing practice as a public defender[,]" he was confident he did so. To support his application, McAfee testified he wanted the DVD introduced because "it showed our activities." As for the registration requirement, McAfee claimed that the prosecution offered him a deal where he would plead guilty to the

---

[1] In his first PCR appeal, we quoted his petition as saying, "his attorney 'misled [him] into believing if [he] was found guilty, [he] would have to register' as a sex offender." *McAfee v. State*, No. 15–1289, 2016 WL 7403710, at *1 (Iowa Ct. App. Dec. 21, 2016) (alterations in original). But upon a closer reading of his handwritten claim, and given context, we believe McAfee alleged counsel told him he "wouldn't have to register."

simple assault and the State would dismiss all three invasion-of-privacy counts. McAfee believed under that offer, he would not have to register as a sex offender.[2] McAfee also testified his attorney did not tell him that if he went to trial and lost he would have to register as sex offender.

The PCR court found counsel's testimony "to be very convincing" and more credible than McAfee's version of the advice he received. And so, the court held that McAfee did not prove his claim of ineffective assistance of counsel and denied relief. McAfee appeals.

## II.    Analysis

We review the denial of postconviction relief for errors at law. *Doss v. State*, 961 N.W.2d 701, 709 (Iowa 2021). We switch to de novo review "[w]hen the basis for relief implicates a violation of a constitutional dimension." *Id.* (alteration in original) (quoting *Moon v. State*, 911 N.W.2d 137, 142 (Iowa 2018)). In our de novo review, we give weight to the district court's findings on witness credibility. *King v. State*, 797 N.W.2d 565, 571 (Iowa 2011); *Cox v. State*, 554 N.W.2d 712, 715 (Iowa Ct. App. 1996) (deferring to PCR court's conclusion that trial counsel's version of events was more credible than applicant's claim).

McAfee's sole challenge is that trial counsel was ineffective for failing to advise him that if convicted he would have to register as a sex offender.[3] To prevail, McAfee must show (1) counsel failed to perform an essential duty, and (2) this failure caused prejudice. *See Sauser v. State*, 928 N.W.2d 816, 818 (Iowa

---

[2] Neither trial counsel nor the State had a record of that plea offer.
[3] McAfee abandons the PCR claim that counsel should have introduced the DVD into evidence.

2019) (citing *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984)). In evaluating counsel's performance, we presume competence; it is McAfee's burden to present facts establishing inadequate representation. *See King*, 797 N.W.2d at 571. To that end, McAfee did not meet his burden to show counsel gave faulty advice on the registry requirement.

Granted, because the criminal trial occurred seven years earlier, counsel testified his memory of the case was "quite hazy." But when asked if McAfee knew about the registry requirement going into the bench trial, counsel responded: "Yes he did." Counsel explained that when clients are charged with offenses having a sexual component, such as invasion of privacy, they are told about the applicability of the sex offender registry. Counsel testified he would *not* have advised McAfee that if found guilty he would not have to register as a sex offender.

All in all, the PCR court found those assurances more believable than McAfee's assertions to the contrary. Given the frontline position of that court, we accept those assessments of trustworthiness. *See Wycoff v. State*, 382 N.W.2d 462, 472 (Iowa 1986). Because McAfee could not prove a breach of duty, his ineffective-assistance claim fails. We affirm the denial of PCR.

**AFFIRMED.**