# IN THE COURT OF APPEALS OF IOWA

No. 21-1636
Filed October 5, 2022

**NYERERE DEZHAY WALLER,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Dallas County, Randy V. Hefner,

Judge.


Nyerere Waller appeals the denial of his application for postconviction relief.

**AFFIRMED.**


Emily DeRonde of DeRonde Law Firm, PLLC, Johnston, for appellant.

Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney

General, for appellee.


Considered by Bower, C.J., Tabor, J., and Carr, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206
(2022).

**BOWER, Chief Judge.**

Nyerere Waller appeals the denial of his application for postconviction relief (PCR). We affirm.

On February 12, 2016, Waller was charged by trial information with attempted murder, first-degree robbery, intimidation with a dangerous weapon, going armed with intent, and willful injury. The charges arose after Waller and others attacked the victim, pistol-whipped him, removed him from his vehicle at gunpoint, forced him back into an apartment complex, and transported him by force to an upper floor. The person eventually escaped, running down a hallway as Waller fired four shots toward him. If found guilty on all original charges, Waller faced sentences totaling seventy years. The State later filed an amended trial information adding a charge of second-degree kidnapping, with a maximum sentence of twenty-five years.

The parties entered into a plea agreement whereby Waller would plead guilty to second-degree robbery, with a ten-year term of imprisonment, and second-degree kidnapping, with a twenty-five-year term, the sentences to run consecutively. The State would dismiss the remaining charges. Because Waller was seventeen years old at the time of the offense, no mandatory minimums would be imposed.

The court established factual bases for both charges during the plea hearing and accepted the pleas as voluntarily entered. No motion in arrest of judgment was filed, and on August 5, 2016, the court sentenced Waller to consecutive terms, finding

this is the plea agreement of the parties and in addition, the court finds that due to the seriousness of the offenses and the fact that a dangerous weapon was used and an injury to the victim, that the sentence is appropriate. The court further finds that the mandatory minimum sentencing requirements of Iowa Code section 902.12 [(2016)] will not be imposed due to [Waller's] age.

No appeal was filed.

On June 19, 2019, Waller filed a PCR application, alleging plea counsel provided constitutionally defective representation. Waller contends his counsel failed to advise him of potential defenses to kidnapping, allowed him to plead guilty where there was no factual basis for second-degree kidnapping, failed to file an appeal, and did not request any sentence other than prison. The district court considered the stipulated record and found there was a factual basis to support the plea to kidnapping, plea counsel had adequately advised Waller about the filing of the kidnapping charge, and counsel did not breach any duty at the sentencing hearing by complying with the plea agreement or in not filing an appeal. Consequently, the court dismissed the application. Waller appeals.

We ordinarily review PCR proceedings for errors at law. *Lamasters v. State*, 821 N.W.2d 856, 862 (Iowa 2012). But "we review claims of ineffective assistance of counsel de novo." *Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2001).

> To establish ineffective assistance of counsel, [the applicant] must demonstrate his plea counsel "failed to perform an essential duty" that resulted in prejudice. "Counsel breaches an essential duty when counsel makes such serious errors that counsel is not functioning as the advocate the Sixth Amendment guarantees." "[T]o satisfy the prejudice requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he or she would not have pleaded guilty and would have insisted on going to trial." "A reasonable probability is a probability sufficient to undermine confidence in the outcome."

*Doss v. State*, 961 N.W.2d 701, 709 (Iowa 2021) (alteration in original) (internal citations omitted). "We may affirm the district court's rejection of an ineffective-assistance-of-counsel claim if either element is lacking." *Lamasters*, 821 N.W.2d at 866 (citation omitted).

We agree with the district court Waller failed to prove counsel breached any duty in representing Waller. The plea hearing was recessed to allow Waller time to consult with his attorney regarding the kidnapping charge, and the defendant ultimately assented to the terms of the plea agreement and pleaded guilty. Waller acknowledged that during the plea hearing he affirmed that he and his cohorts moved the victim from outside the car to inside the building to try to keep from being seen or detected by police while they robbed the victim. *See Sauser v. State*, 928 N.W.2d 816, 819–20 (Iowa 2019) (noting "[a]n essential element of kidnapping requires a person to confine or remove another from one place to another without authority" and requires evidence of confinement that made the underlying crime "substantially more dangerous").

The record contains a factual basis for the kidnapping plea.[1] The PCR court wrote:

> The facts as discussed at the plea hearing and as summarized in the minutes of testimony established that Waller and his accomplices were attempting to rob [S.C.] of "money and drugs." Some confinement is inherent in the crime of robbery. But here Waller and his accomplices moved and confined [S.C.] on two separate occasions after they first attempted to rob him. First, they forcefully removed him from the parking lot into, and confined him in,

---

[1] The evidentiary threshold for accepting a guilty plea differs from the proof beyond a reasonable doubt necessary to support a conviction. *State v. Ortiz*, 789 N.W.2d 761, 767–68 (Iowa 2010). "[W]e have held the record does not need to show the totality of evidence necessary to support a guilty conviction, but it need only demonstrate facts that support the offense." *Id.* at 768.

his own car. When they could not drive that car away because it was stuck in the snow, they forcefully removed him to, and confined him in, the apartment building. They effected both of these removals and confinements with firearms. Both removals and confinements significantly increased the risk to [S.C.] because the inside of his car and the inside of his apartment building were outside public view, or less visible to the public than the parking lot. Both significantly lessened the risk of detection of the seizure and involuntary confinement of [S.C.] and the risk of detecting the attempted robbery. . . .

Thus by Waller's own testimony, the extended confinement and removal of [S.C.] from the parking lot into his car and then into the apartment building was intended to avoid detection, facilitate the escape and further the goal of robbing [the victim] of money and drugs. This extended confinement and removal substantially exceeded that ordinarily necessary to rob a person.

Waller acknowledged at the PCR trial that he understood and agreed with counsel's assessment "that effectively the only thing we could argue is that you didn't intend to kill the victim—the alleged victim, and therefore, you shouldn't be guilty of [attempted murder]." Waller acknowledged entering into the plea agreement was in his best interest to avoid being convicted of all the charged offenses.

Plea counsel was not required to seek probation where the plea agreement called for consecutive terms of imprisonment. And, Waller raises no issues counsel could have or should have raised on appeal. Because Waller has failed to establish plea counsel breached any duty of representation, his ineffective-assistance-of-counsel claim fails. We affirm.

**AFFIRMED.**