# IN THE COURT OF APPEALS OF IOWA

No. 24-0903
Filed August 6, 2025

**LAWRENCE LARRY MCCOY,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.
_____

Appeal from the Iowa District Court for Scott County, Patrick A. McElyea, Judge.

An applicant for postconviction relief argues that the district court erred in granting summary judgment, dismissing his application. **AFFIRMED.**

Heidi Miller (until withdrawal) of The Law Office of Heidi Miller, Pleasantville, and Matthew DeJong of Bird, Stevens & Borgen, Rochester, Minnesota, for appellant.

Brenna Bird, Attorney General, and Linda J. Hines (until withdrawal) and Benjamin Parrott, Assistant Attorneys General, for appellee.

Considered without oral argument by Greer, P.J., and Langholz and Sandy, JJ.

**SANDY, Judge.**

On January 30, 2002, Jonathan Johnson was found dead in his car. He had three gunshot wounds, multiple stab and cut wounds, and a blunt force trauma injury to the back of his head. His head was wrapped in half of a black plastic bag. A jury found Lawrence Larry McCoy guilty of murder in the first degree and willful injury. He was sentenced to serve life in prison. In a detailed and thoughtful opinion, the district court denied McCoy's third application for postconviction relief (PCR). Now, following such denial, McCoy argues that the district court erred in granting summary judgment, dismissing his PCR application. Specifically, he argues that his claim of actual innocence is not barred by the statute of limitations based upon newly discovered evidence. We affirm.

## I. Background Facts and Proceedings

Jonathan Johnson's body was discovered in the back seat of his vehicle in Davenport. A subsequent search of an apartment shared by McCoy and Johnson's sister, Brandy, revealed evidence of a violent crime, including significant blood staining on floors and walls, a recently replaced carpet section, and a cleaning bottle bearing a bloody fingerprint matching McCoy's prints. Police later located blood-stained furniture in a storage unit rented under McCoy's name. Forensic evidence indicated the murder weapon was a .32 ACP handgun—a weapon McCoy had recently purchased.

The State's case relied heavily on the testimony of Jerome Wilson, sixteen years old at the time of the crime. Wilson testified that he accompanied Johnson to McCoy's apartment, where they encountered McCoy and two other individuals—Darryl McCoy and Chance Barnes. Wilson alleged that McCoy accused Johnson

of a burglary and instructed Wilson to leave. Wilson claimed he heard troubling noises before being warned by Barnes not to return to the apartment, after which he fled.

A jury convicted McCoy of first-degree murder and willful injury in August 2002. His conviction was affirmed on direct appeal. *See State v. McCoy*, No. 02-1516, 2003 WL 22899507, at *3 (Iowa Ct. App. Oct. 10, 2003). McCoy has since pursued three PCR applications. The first, filed in 2004, alleged ineffective assistance of counsel and presented newly discovered evidence in the form of an investigator's affidavit concerning Wilson's credibility. *See McCoy v. State*, No. 09-326, 2010 WL 1578780, at *1 (Iowa Ct. App. Apr. 21, 2010). That application was rejected as cumulative and not outcome-determinative. *See id.* The second application, filed in 2010, alleged *Brady* violations and coercion involving Wilson's testimony, but was also denied and affirmed on appeal. *See McCoy v. State*, No. 17-1919, 2020 WL 3263924, at *3 (Iowa Ct. App. June 17, 2020).

In 2018, McCoy filed a third PCR application, raising a freestanding claim of actual innocence and relying on two affidavits not previously presented. The first, from Mr. Shuford-Bey, recounted a 2002 conversation in which Wilson purportedly admitted fabricating his accusation against McCoy out of fear. The second affidavit dated August 16, 2023, from co-defendant Chance Barnes, asserted that neither McCoy nor Wilson was present during the murder, and that Barnes had witnessed Darryl McCoy holding a gun next to Johnson's body. Barnes claimed he remained in the car during the event and only entered the apartment afterward.

The State moved for summary disposition, asserting that the claims were barred by res judicata and the three-year limitations period under Iowa Code section 822.3 (2003). The district court granted the motion, concluding that McCoy failed to show why the evidence could not have been discovered earlier through due diligence, and further found the evidence insufficient to establish actual innocence by clear and convincing evidence.

## II. Standard of Review

Generally, the appellate court "review[s] the denial of an application for postconviction relief for correction of errors at law." *Sauser v. State*, 928 N.W.2d 816, 818 (Iowa 2019). But "when the basis for relief is a constitutional violation," review is de novo. *Harrington v. State*, 659 N.W.2d 509, 519 (Iowa 2003).

## III. Analysis

Generally, applications for PCR must be filed within three years from the date of conviction or a decision is final. Iowa Code § 822.3. Claims of "actual innocence" possibly justifying an exception to that rule do not overcome the statute of limitations when the evidence put forward to support the claim of actual innocence was available to the applicant (or could have been discovered with due diligence) within the limitations period. *Quinn v. State*, 954 N.W.2d 75, 77 (Iowa Ct. App. 2020) (collecting cases).

Here, the district court's well-reasoned dismissal order stated:

> In the instant case, the affidavit of Chance Barnes is the only new piece of evidence offered by McCoy. While it is dated August 16, 2023, McCoy did not explain why he only recently acquired this statement from Barnes. Having put forward no reason to prove that this affidavit could not have been discovered sooner with due diligence, the affidavit of Barnes was found well outside the statute of limitations.

Even if the evidence collected for McCoy's claim was timely, it does not tend to support his claim of "actual innocence" by clear and convincing evidence. "For an applicant to succeed on a freestanding actual-innocence claim, the applicant must show by clear and convincing evidence that, despite the evidence of guilt supporting the conviction, no reasonable fact finder could convict the applicant of the crimes for which the sentencing court found the applicant guilty in light of all the evidence, including the newly discovered evidence." [*State v. Schmidt*, 909 N.W.2d 778, 797 (Iowa 2018)].

Thus, to survive summary dismissal, McCoy must show sufficient evidence to generate a question of fact about his "actual innocence." The affidavit of Chance Barnes is conclusory, self-serving, and unreliable. McCoy indicates that Wilson's statements were coerced by law enforcement, but McCoy did not support this claim with evidence. The Court has reviewed the "Incident Report" along with McCoy's highlighted portions and finds that this exhibit does not generate a question of fact concerning whether Wilson was coerced. For example, in a portion about Wilson performing a photo identification McCoy highlighted the following sentence: "Jerome Wilson went through the pictures and he was not able to make any positive identifications." Just a paragraph below this portion, though, Wilson was able to indicate that he "did believe if he were to see the individuals in an actual line-up" that "he might be able to pick out the individuals." In any event, this portion and the other portions identified by McCoy do not suggest that Wilson was the subject of police coercion. McCoy also argues that, other than Wilson's statements, there was no other direct or circumstantial evidence linking him to the alleged crime. This argument, too, falls flat in light of the evidence linking McCoy to the murder including: McCoy buying a .32 caliber handgun shortly before the murder; Johnson's bullet wounds were caused by .32 caliber bullets; the murder took place in McCoy's apartment; a section in the carpet had been recently replaced; personal items were removed from the apartment; and multiple pieces of furniture were missing and were found bloodied in a storage unit rented under McCoy's name.

We can add no further beneficial analysis not already sufficiently and succinctly provided by the district court. *See* Iowa R. Civ. P. 21.26(1)(d). Viewing the facts in the light most favorable to McCoy, he has not generated a sufficient question of fact to survive summary dismissal. We affirm.

**AFFIRMED**.