# IN THE COURT OF APPEALS OF IOWA

No. 21-0354
Filed January 27, 2022

**MCKINLEY DUDLEY,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.
_____

Appeal from the Iowa District Court for Cerro Gordo County, Coleen D. Weiland, Judge.

Applicant appeals the dismissal of his application for postconviction relief. **AFFIRMED.**

Richard Hollis, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Benjamin Parrott, Assistant Attorney General, for appellee State.

Considered by Bower, C.J., and Greer and Badding, JJ.

**GREER, Judge.**

In a February 2020 pro se application, McKinley Dudley requested postconviction relief (PCR) to reverse his "conviction and sentence."[1] Under a heading labeled "[s]entence concerning which postconviction relief is demanded," Dudley referenced four specific criminal matters, but also listed separately "Criminal Conviction: Two Felony Possession Convictions under 124.401[2] of the Code of Iowa." In the pro se application, one stated ground for relief was that the "felony convictions were enhanced by misdemeanors wherein the Applicant was not represented by counsel." No other reference to other convictions appeared in the filed pleadings, and at the PCR hearing the district court requested clarification over what proceedings were the target of Dudley's request. Because Dudley asserts his PCR counsel failed to clearly set the stage for the district court by clarifying what convictions were implicated, leading to a dismissal of his PCR application without full consideration of the 2012 conviction, he brings this appeal asserting his PCR counsel provided ineffective assistance.

**Facts and Proceedings.**

Because it helps to understand the relevant convictions referenced in this second PCR action, we provide the district court's summary:

> In **OWOM000804**, Applicant was convicted of possession of marijuana, first offense, a serious misdemeanor, and was sentenced—in accordance with the statute—to three days in jail. Because it was a first offense, the state did not rely on any previous conviction. Applicant was represented throughout the proceedings

---

[1] As will become apparent in this opinion, a core question is to which "conviction and sentence" Dudley is referring.

[2] Section 124.401 addresses the unlawful manufacture, delivery, and possession of various controlled-substances.

by attorney Kristy Arzberger. [Pled guilty—judgment and sentence January 9, 1998].

In **AGCR015377**, Applicant was convicted of possession of marijuana, second offense, a serious misdemeanor, and was sentenced—in accordance with the statute—to ten days in jail and a $315 fine. The predicate conviction for the second offense was OWOM000804. Attorney Cynthia Foos represented Applicant throughout these proceedings. [Pled guilty—judgment and sentence October 25, 2006].

In **AGCR016752**, Applicant was convicted of possession of marijuana, first offense, a serious misdemeanor, and was sentenced—in accordance with the statute—to two days in jail. Because it was a first offense, the state did not rely on any previous conviction. Attorney John Sorensen represented Applicant throughout the proceedings. [Pled guilty—judgment and sentence April 10, 2008].

. . . .

Chronologically, Cerro Gordo County case number FECR019380 came next. Attorney Annette Boehlje represented Applicant. He was convicted after jury trial of possession of methamphetamine, third or subsequent offense, as an habitual felony offender in count I and possession of marijuana, third or subsequent offense, as an habitual felony offender in count II.[3] [Jury trial—judgment and sentence initially entered March 7, 2011; resentenced on remand in 2012]

The *marijuana* conviction in FECR019380 constituted one of the predicate offenses for Cerro Gordo County case number **FECR028976**, in which Applicant was convicted of possession of methamphetamine, second offense. He was sentenced to an indeterminate prison term not to exceed two years and a suspended fine. Attorney Barbara Westphal represented Applicant throughout these proceedings. [Pled guilty—judgment and sentence October 29, 2019].

(Footnotes omitted).

The State moved to dismiss the PCR action for failure to state any claim

that complied with Iowa Code section 822.4 (2020)[4] and because the application

---

[3] Dudley was also convicted of interference with official acts, a simple misdemeanor, in SMSM014130.

[4] Section 822.4 provides:

The application shall identify the proceedings in which the applicant was convicted, give the date of the entry of the judgment of conviction or sentence complained of, specifically set forth the

was time-barred as it related to his earlier convictions. And although Dudley did not cite the specific case numbers in his applications, in its motion to dismiss, the State acknowledged there was an earlier felony case generally mentioned by Dudley in his application.[5] Dudley's 2012 conviction involving two felonies, sometimes referred to as FECR019380 by the district court, resulted from a jury finding Dudley guilty of possession of methamphetamine, third offense, and possession of marijuana, third offense. The habitual-offender enhancement was applied to both convictions based on Dudley's stipulation to previous convictions.

With that backdrop, we turn to the current PCR action. At the hearing on the application in December 2020, the district court took judicial notice of the files and proceedings for the cases specifically referenced in Dudley's PCR application: cases OWOM000804, AGCR015377, AGCR016752, and FECR028976. And at the hearing, Dudley agreed that he had the assistance of counsel in all of the four proceedings. In its written ruling the district court found no "flaw as far as

---

grounds upon which the application is based, and clearly state the relief desired. Facts within the personal knowledge of the applicant shall be set forth separately from other allegations of facts and shall be verified as provided in section 822.3. Affidavits, records, or other evidence supporting its allegations shall be attached to the application or the application shall recite why they are not attached. The application shall identify all previous proceedings, together with the grounds therein asserted, taken by the applicant to secure relief from the conviction or sentence. Argument, citations, and discussion of authorities are unnecessary.

[5] The State argued:

Paragraph[s] 4 & 5 of the Amended Petition make allegations without context or reference to which of the cases within the scope of this [PCR] action; however, they appear to be more related to the previous conviction, appeal, [PCR], and/or [PCR] appeal proceedings arising from FECR019380, which has already been thoroughly litigated, is outside the PCR statute of limitations and not related to any of the underlying proceedings in this matter.

previous/predicate and/or uncounseled convictions." As a result, the court dismissed the PCR application as to any challenges over those convictions.[6] Dudley does not appeal that ruling.

But as to the FECR019380, the 2012 conviction, the district court held:

> After reviewing his testimony and arguments, the court concludes that Applicant's real attack is on the convictions in FECR019380. The convictions he complains about, the transcript he furthers, and the motion for adjudicated law points he addresses are part of FECR019380.
>
> But FECR019380 is a case number that Applicant has not raised in his original or amended application. A review of the state's motion to dismiss convinces the court that the state did not consider FECR019380 to be part of the application. And at trial, even though the court located FECR019380 as consistent with the procedural facts Applicant was addressing at one point, I certainly never understood that he was attacking the underlying merits of that case.
>
> The court can only address what has been pled and what the state has had a chance to address. None of the four cases Applicant pled has any flaw as far as previous/predicate and/or uncounseled convictions. No counsel in those cases were ineffective because there was no challenge to be made on those issues. If Applicant seeks [PCR] relief on FECR019380, then he must petition as to that case.

Dudley narrows his appellate claim to one issue: PCR counsel was ineffective for "failing to explicitly and clearly challenge the correct criminal cases."[7]

---

[6] Dudley does not appeal the dismissal as to the 2019 conviction (case FECR028976) by the district court. Instead, his appeal focuses on the 2012 conviction (FECR019380) and its implications.

[7] While Dudley does not ask us to reconsider these issues, we note his pro se application alleged that: (1) Dudley's felony convictions were enhanced by uncounseled misdemeanor offenses, (2) the court considered an incorrect criminal history to support an enhanced drug conviction, and (3) other nonspecific ineffective-assistance-of-counsel claims.

Once appointed, Dudley's counsel appeared and amended the PCR petition to add: (4) Dudley's third offense convictions related to marijuana and were not on a drug track, so he should have been sentenced to an aggravated misdemeanor, not a felony; (5) the paraphernalia was not in fact marijuana-related; (6) a motion for adjudication of law points was never addressed by the district court;

Dudley requests a remand so that a different judge can review the correct cases in a PCR context. Dudley characterizes this failure as his PCR counsel's lack of preparation for the hearing on his PCR application. On appeal, the State responds that Dudley suffered no harm from the dismissal because the PCR action is time-barred and any issues related to the 2012 convictions are precluded from consideration because of an earlier PCR action from that specific case. *See Dudley v. State* (*Dudley II*), No. 13-1754, 2014 WL 7343432 (Iowa Ct. App. Dec. 24, 2014).

**Standard of Review.**

"We generally review a district court's denial of an application for [PCR] for errors at law." *Doss v. State*, 961 N.W.2d 701, 709 (Iowa 2021). Our review is de novo "[w]hen the basis for relief implicates a violation of a constitutional dimension." *Moon v. State*, 911 N.W.2d 137, 142 (Iowa 2018).

**Analysis.**

We agree with Dudley that he referenced his jury convictions for the two 2012 felonies and asked that it be considered in his PCR hearing. Much confusion exists in the record, but based on Dudley's reference to these felony convictions generally in his pro se PCR application, the State's discussion of those convictions in its motion to dismiss, and the muddled record at the hearing, at least Dudley understood what he wanted considered.[8] But as we sit at this point of the appeal,

---

and (7) counsel should not have allowed the court to find him guilty of any enhancements.

[8] Dudley testified in response to questions in the PCR case that "I had a jury trial on this case here why we're here. I had a jury trial on that." He confirmed his lawyer was Annette Boehlje. Dudley's jury trial led to the 2012 convictions.

Dudley has not told us in any meaningful way what arguments result in a successful vacation of the 2012 convictions. Dudley's arguments simply highlight his PCR counsel's failure to specifically name the FECR019380 case, but not what relief naming that case file would have produced if argued below. *See* Iowa R. App. P. 6.903(2)(g)(3) ("Failure to cite authority in support of an issue may be deemed waiver of that issue."); *Hrbek v. State*, 958 N.W.2d 779, 788 (Iowa 2021) (noting that failure to state or argue an issue or cite authority in support of an issue may be seen as waiver of that issue). At its core, Dudley argues he made an uncounseled plea in an earlier misdemeanor case (SMSM014130) and so that misdemeanor conviction should not have been considered for sentencing enhancements for the 2012 felony methamphetamine conviction. Even so, with the passage of time, consideration of his felony convictions from 2012 cannot result in a successful PCR ruling. This is true based on the record available to us for review, so we address his claims on the merits.

As we see it, Dudley's first hurdle is the three-year statute of limitations that defines the parameters for the filing of a PCR action. The State argued that the "2012 conviction could not possibly be remedied in this [PCR] action—even by the very best attorney—because any claim would be time barred and precluded by a previous [PCR] case." Iowa Code section 822.3 defines these parameters applicable to Dudley's PCR as follows:

> [A]pplications must be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued. However, this limitation does not apply to a ground of fact or law that could not have been raised within the applicable time period.
> An allegation of ineffective assistance of counsel in a prior case under this chapter shall not toll or extend the limitation periods

in this section nor shall such claim relate back to a prior filing to avoid the application of the limitation periods. . . .

Because a PCR action, on the same facts, cannot serve as a vehicle for re-litigation of issues previously decided, "the principle of Res judicata bars additional litigation on this point." *State v. Wetzel*, 192 N.W.2d 762, 764 (Iowa 1971) (citation omitted); *see also Holmes v. State*, 775 N.W.2d 733, 735 (Iowa Ct. App. 2009). With a history of several filings over the 2012 conviction, we describe those proceedings to highlight what has already been argued and decided.

On Dudley's direct appeal, we vacated illegally ordered attorney fees, but otherwise affirmed the convictions and sentences on the two 2012 felony controlled-substance offenses. *State v. Dudley* (*Dudley I*), No. 11-0413, 2012 WL 170738, at *6 (Iowa Ct. App. Jan. 19, 2012). There Dudley raised issues over the sentencing enhancements as here, and we said:

> Dudley contends he was improperly convicted of felonies where he possessed amounts of marijuana and methamphetamine that would only sustain misdemeanor convictions. But Dudley's convictions are subject to enhanced sentences under both Iowa Code chapters 124 and 902.
> . . . .
> . . . Dudley's offenses were classified as class "D" felonies pursuant to section 124.401(5) based on his prior drug-related convictions, as well being a habitual offender under section 902.9(3).

*Id.* Next, Dudley applied for PCR and at first claimed the trial court was without authority to impose sentencing enhancements in each count or impose the habitual offender sentencing enhancement, contending his conviction for possession of drug paraphernalia, a simple misdemeanor, should not be used to enhance the charge. *Dudley II*, 2014 WL 7343432, at *1–3 (noting that Dudley stipulated just before trial that he had prior drug and felony convictions impacting the

enhancement statute). Much like the arguments here, in the first PCR in case FECR019380 we noted:

> The trial information listed four prior controlled substance convictions—January 1998, April 2002, October 2006, and April 2008. During the PCR proceedings, Dudley claimed the possession of marijuana, third offense, was enhanced from an aggravated misdemeanor based on an uncounseled simple misdemeanor possession of drug paraphernalia prior offense. Dudley also claimed the prior offenses for the possession of methamphetamine, third offense, were "two possession of marijuana convictions and one possession of drug paraphernalia conviction."
> The trial information listed seven prior felony convictions—May 1984 (second-degree burglary), January 1992 (second-degree burglary), August 1998 (forgery), August 1999 (second-degree theft), July 17, 2002 (operating while intoxicated on 10/27/2001, third offense), July 25, 2002 (operating while intoxicated on 2/4/2002, third offense), and October 2009 (operating while intoxicated on 3/5/2009, third or subsequent offense).

*Id.* at *1 n. 2. While Dudley approached his uncounseled misdemeanor's effect on the sentencing enhancement under a cruel-and-unusual-punishment theory, we said "the gravity here is enhanced by Dudley's lengthy criminal record—four prior drug crimes and seven prior felonies." *Id.* at *9. We ultimately rejected the claim. *Id.*

Finally, in 2015, Dudley challenged the sentences imposed in the felony controlled-substances offense case in a motion to correct illegal sentences. The district court denied the motion, and Dudley appealed. There we discussed Dudley's claim that "the sentences imposed upon the felony convictions were illegal under [*State v. Young*, 863 N.W.2d 249 (Iowa 2015)][9] because the

---

[9] In *Young*, our supreme court held:
> [U]nder article I, section 10 of the Iowa Constitution, an accused in a misdemeanor criminal prosecution who faces the possibility of imprisonment under the applicable criminal statute has a right to counsel. When a right to counsel has not been afforded, any

predicate convictions were improperly enhanced with an uncounseled misdemeanor." We decided that:

> We need not decide whether *Young* would apply retroactively. For each controlled-substance count with which Dudley was charged, the trial information listed four predicate controlled-substance convictions—January 1998, April 2002, October 2006, and April 2008. Dudley asserts the April 2002 conviction was an uncounseled plea, which cannot be used to enhance punishment. But Dudley does not challenge the other three predicate controlled-substance convictions, which support an enhancement. Consequently, *Young* is of no consequence, and we reject Dudley's claim the sentences are illegal.

*State v. Dudley* (*Dudley III*), No. 15-2180, 2017 WL 702362, at *1 (Iowa Ct. App. Feb. 22, 2017) (footnote omitted). Now, in Dudley's current PCR, the district court declined to consider the arguments over the 2012 conviction and directed Dudley to file a new application if he sought a PCR ruling on that case. But, unless Dudley has some claim not addressed here on our review that extends the statute of limitations, the sand has run out in the hourglass.

To the extent that Dudley seeks to set aside his 2012 conviction, the PCR statute of limitations applies and would bar his claims. Procedendo issued in Dudley's direct appeal in 2012—more than seven years before he filed this PCR action. *See* Iowa Code § 822.3 (requiring applications to be filed "within three years . . . from the date the writ of procedendo is issued" "in the event of an appeal"). Unless Dudley can show there was "a ground of fact or law that could not have been raised within the applicable time period," he cannot navigate around that statutory limitation. *See id.*; *see also Schmidt v. State*, 909 N.W.2d 778, 798–

---

subsequent conviction cannot be used as a predicate to increase the length of incarceration for a later crime.

863 N.W.2d at 281.

99 (Iowa 2018); *Fischer v. State*, No. 18-0450, 2019 WL 1473066, at *2 (Iowa Ct. App. Apr. 3, 2019) (concluding that "all of [the applicant's] arguments were available to him within th[e] three-year period . . . and *Schmidt* [which allowed for freestanding actual innocence claims] does not provide an additional exception that is applicable to [the applicant]"). Because Dudley cannot overcome the time-bar to challenge his 2012 convictions, his PCR counsel did not provide ineffective assistance by failing to list FECR019380 on the amended PCR application. *See State v. Halverson*, 857 N.W.2d 632, 635 (Iowa 2015) ("Counsel, of course, does not provide ineffective assistance if the underlying claim is meritless.").

Still, we are able to discern Dudley's claims from the record even though he could not name the specific case number. During the trial, Dudley mentioned the implications of *Young* and argued his uncounseled misdemeanor conviction could not enhance his sentences. Same argument, different day—Dudley's claim that new law might overcome the statute of limitations fails because he made those arguments before and we decided that issue adverse to him. *See Dudley II*, 2014 WL 7343432, at *2–3; *Dudley III*, 2017 WL 702362, at *1. These claims are stale as Dudley has made arguments over the uncounseled drug paraphernalia conviction in earlier proceedings. And, in his first PCR appeal, we noted that claim had been made but abandoned in his first PCR trial. *Dudley II,* 2014 WL 7343432, at *2.

The other claim made by Dudley was described in this exchange with his PCR counsel:

> Q. And in that motion, [counsel in the 2012 conviction] addressed the fact that upon closer examination of the minutes of testimony, the prior convictions under Iowa Code Section 124 for

possession of marijuana—were possession of marijuana. As a result of those conviction, your sentencing enhancement should remain on the marijuana track, not the other drug tracks; is that correct? A. Right.

And then, in a follow-up discussion between Dudley and his PCR counsel, this contention was made:

> Q. So they used the marijuana paraphernalia device for enhancement, saying you had marijuana. But in order to enhance it to a felony, a judge would have had to [find] that that paraphernalia was not marijuana use related. A. Right.
> Q. And did any judge find that? A. No.
> Q. All right. Good. We're doing good now. So, in addition to the fact that these previous convictions you had were given without assistance of counsel, the charges should have never been enhanced to felonies. A. That's correct.
> Q. And that's what we're talking about here today. A. Yes.
> Q. We're not talking about a doggone other thing other than that; right? A. Okay. Right.

On this record, we find the statute of limitations bars the PCR claim. Again, this claim does not implicate new facts or law that could sidestep the application of the statute of limitations. Likewise, similar arguments were made about the enhancements in the earlier proceedings involving the 2012 conviction and these arguments could have been made there as well. *See Dudley I*, 2012 WL 170738, at *6; *Dudley II*, 2014 WL 7343432, at *1 n.1 & 2, *2–3, *6–8. As such, we noted other predicate drug convictions supported the enhancement at sentencing. *See Dudley III*, 2017 WL 702362, at *1.

Dudley's ineffective-assistance-of-counsel claim requires that he prove both "(1) . . . trial counsel failed to perform an essential duty, and (2) this failure resulted in prejudice." *Sauser v. State*, 928 N.W.2d 816, 818–19 (Iowa 2019) (citation omitted); *see also Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). Dudley asserts PCR counsel failed to clearly identify what specific case proceedings were

being challenged and so failed to perform an essential duty. But even so, under the second prong, a defendant must show the results of the proceeding would have been different but for counsel's error. *Sauser,* 928 N.W.2d at 818–19. As Dudley raised similar unsuccessful arguments in other proceedings related to the same facts, we find the first PCR counsel had no duty to pursue meritless claims and no prejudice resulted by his failure to do so. *See Nguyen v. State*, 878 N.W.2d 744, 754 (Iowa 2016).

**Conclusion.**

Even assuming Dudley's PCR counsel had listed all of the case numbers, Dudley's arguments specifically related to the 2012 conviction are time-barred along with many of his arguments previously tested under this procedural history.[10] We affirm the dismissal of the second PCR over his 2012 conviction because no challenge could succeed.

**AFFIRMED.**

---

[10] Dudley advanced a general structural-error argument, but because we find he did not prove a specific structural error, we reject this argument without further analysis as we have addressed the 2012 conviction arguments in our de novo review. *See Lado v. State*, 804 N.W.2d 248, 252 (Iowa 2011) (setting forth three potential types of errors of counsel that could constitute structural errors).